■ EMANUEL LEFKOWITZ, Respondent, v MR. MAN, LTD., et al., Appellants, et al., Defendant. MR. MAN, LTD., Third-Party Plaintiff-Appellant, v MANNY LEFKOWITZ, INC., et al., Third-Party Defendants-Respondents. — Order of the Supreme Court, New York County (B. Sherman, J.), entered December 4, 1984, which granted plaintiff's motion for an order disqualifying the

law firm of Sunshine, Slott & Sunshine, P. C., from representing defendants Mr. Man, Ltd., and Molly Hsu in this action, is unanimously reversed, on the law and facts, and the motion denied, without costs.

Plaintiff Lefkowitz is a former officer and director of defendant Mr. Man, Ltd., and the owner of 40% of the corporation's common stock. He commenced this action against defendants, the corporation, Hsu and Sunshine. Hsu and Sunshine are the only directors of the corporation and each owns 30% of the common stock. Plaintiff asserts in the complaint that defendants must pay him a "fair" price, alleged to be $250,000, for his shares. He tendered the shares pursuant to the terms of a shareholders' agreement executed by the parties. Plaintiff also demands an accounting.

The defendants, represented by Sunshine, Slott & Sunshine, P. C. (the law firm), of which defendant Sunshine is a named partner, answered and also interposed several counterclaims against plaintiff and third-party defendants. The counterclaims and third-party actions basically claim that plaintiff, in conspiracy with the third-party defendants, had violated his fiduciary obligation to Mr. Man, Ltd. After replying to the counterclaims, the plaintiff moved to disqualify the defendants' law firm from representing them.

Plaintiff's supporting affidavit stated that Donald Sunshine, a shareholder of the defendant corporation, was a partner in the law firm; that this representation was a violation of the Code of Professional Responsibility; and that there was an alleged conflict between the individual defendants. Further, the shareholders' agreement had been drafted by Mr. Sunshine, as an exposition of an earlier memorandum agreement. The plaintiff claimed that he had signed both agreements without the benefit of counsel.

It was also asserted that the defendant Sunshine would be required to testify as to the circumstances of the "drafting and execution" of the agreements. It was further charged as to the examination of the corporate defendant — books and records — and valuation of the plaintiff's stock, that Sunshine had delivered a fraudulent inventory to plaintiff which would be the basis of the stock price. In sum, it was said that Sunshine had a "central role" as a witness which might be contrary to the interests of the other defendants.

Defendant Hsu claimed that the plaintiff had been represented by independent counsel (one R. R. Taft) at the time involved. Also, it was asserted that no one would be "required" to testify. Concerning the "fraudulent" inventory, it was noted

that Sunshine was not the bookkeeper. Further, he was not concerned with the counterclaim. Also, L. Fechner, an associate of the Sunshine law firm, said that he had sent a draft of the agreement to Taft on March 1, 1979. Attached to the papers was the covering letter. M. Weeks, the defendant corporation's bookkeeper, confirmed that Sunshine was not involved with the books which the plaintiff was said to have reviewed. Finally, defendant Sunshine argued that he was not a witness who "ought to be called" at the trial.

Special Term, noting that it was "presently unclear" if Sunshine ought to be a witness, nevertheless disqualified the law firm from representing all the defendants but Sunshine. Upon the facts presented herein, we find that Special Term erred and we accordingly reverse.

Although plaintiff has indicated that he intends to call Sunshine, in seeking to disqualify opposing counsel based on the "lawyer-witness" rule, the test is whether an attorney "ought to be called" (Code of Professional Responsibility, DR 5-101 [B]; DR 5-102 [A]), not whether his adversary intends to call him *Foley & Co. v Vanderbilt,* 523 F2d 1357, 1359). Plaintiff, as the moving party, has the burden of establishing that the continued representation by the law firm would constitute a violation of DR 5-102. This he has failed to do. Thus, while defendant Sunshine was involved with the other defendants and the plaintiff in the drafting of the shareholders' agreement, there has been no showing that the agreement has been repudiated by plaintiff. The complaint, in fact, concerns valuation of the stock *pursuant* to the agreement. In addition, it appears that plaintiff did have legal advice from another attorney when signing the stockholders' agreement. Likewise, plaintiff's assertion that Sunshine "ought to be called as a witness" with respect to the alleged fraudulent inventory and the value of the corporation has not been established on the papers herein. Thus, plaintiff does not dispute the assertion that Sunshine neither prepared any inventory nor assigned any values or prices to items appearing in it. Defendant Hsu and plaintiff assigned the values and prices. In addition, the determination of the buy-out price will involve examination of the defendant corporation's books and records, which apparently are in Hsu's custody and have not been reviewed by Sunshine. Moreover, Sunshine is not the corporation's tax advisor or its accountant.

Finally, it does not appear that the continued representation of the corporation and Hsu by the law firm would give rise to any conflict or prejudice these parties. Plaintiff simply makes conclusory allegations which are insufficient to deprive defendants

of their choice of counsel (*see, Rowe v De Jesus,* 106 AD2d 284). Although defendants informed Special Term, in opposition to the plaintiff's motion to disqualify, that upon completion of pretrial proceedings they would retain other counsel, Special Term mistakenly interpreted this to be an awareness on defendants' part of a possible conflict. However, as noted, plaintiff failed to come forward with any probative evidence demonstrating the existence of a conflict of interest among Hsu, Sunshine and/or the corporation, and Special Term, therefore, should have denied plaintiff's motion. Concur — Kupferman, J. P., Asch, Fein and Rosenberger, JJ.