■ In the Matter of ELIZABETH HUBER, Respondent, v LORRAINE E. MONES, Respondent, and WILLIAM A. HUBER, Appellant, et al., Respondents. [663 NYS2d 238] —In a proceeding, inter alia, to restore assets to a trust and to remove and replace the cotrustees named under the will of William Huber, deceased, William A. Huber appeals, as limited by his brief, from so much of an order of the Surrogate's Court, Suffolk County (Prudenti, S.), dated August 8, 1996, as denied his motion to disqualify the law firm Teitelbaum, Braverman & Borges, P. C., as counsel for the petitioner and granted that branch of the cross motion by the petitioner, Elizabeth Huber, which was for interim relief of $3,500 per month, payable to the property management guardian, representing income allegedly due to the petitioner under the trust.

Ordered that the order is affirmed insofar as appealed from, with costs payable by the appellant.

It is well settled that a party seeking to disqualify an attorney or a law firm for conflict of interest on the ground of prior representation must establish both the existence of a

prior attorney-client relationship and that the former and current representations are both adverse and substantially related (see, Solow v Grace & Co., 83 NY2d 303, 308; Talvy v American Red Cross, 205 AD2d 143, affd 87 NY2d 826). This rule protects client confidences and avoids the appearance of impropriety (see, Code of Professional Responsibility DR 4-101 [B] [22 NYCRR 1200.19 (b)]; DR 5-108 [A] [2] [22 NYCRR 1200.27 (a) (2)]).

The Surrogate's Court properly ruled that no conflict of interest existed by virtue of the brief prior representation by the petitioner's counsel of Lorraine E. Mones, a party in this proceeding. The prior representation preceded the commencement of the instant proceeding. Inasmuch as Mones has freely adopted a position in the instant proceeding supporting the position taken by the petitioner, and has not joined the position taken by the appellant, the appellant has not established that the relationship between the petitioner and Mones is adverse or that the brief prior pre-litigation representation creates an appearance of impropriety under these circumstances.

The Surrogate's Court, in its discretion, granted that branch of the petitioner's cross motion which was for interim relief of $3,500 per month, payable to the property management guardian, representing the income allegedly due to the petitioner under the trust. The court deferred a final decision on damages until the conclusion of this proceeding (see, SCPA 201 [3]; 209 [10]). This determination is founded upon evidence in the record and we find no basis to disturb the interim award (see, Matter of Barenholtz, 201 AD2d 305; Matter of Sommer, 199 AD2d 273).

The parties' remaining contentions are without merit. Miller, J. P., Ritter, Krausman and Goldstein, JJ., concur.