■ In the Matter of the Estate of JOSEPH B. KAUFMAN, Deceased. ROBERT L. KAUFMAN, Appellant; LYNNE ATLAS-WITTKIN, Respondent. [732 NYS2d 367] —In a contested accounting proceeding, the petitioner, Robert L. Kaufman, as surviving trustee of the trust u/w/o Joseph B. Kaufman, appeals, as limited by his brief, from so much of an order of the Surrogate's Court, Kings County (Feinberg, S.), dated July 3, 2000, as granted the motion of the income beneficiary, Lynne Atlas-Wittkin, to direct him to make a distribution of trust income to her to the extent of directing him to distribute the sum of $75,000.

Ordered that the order is affirmed insofar as appealed from, with costs.

Under the circumstances of this case, there is no basis to disturb the Surrogate's award of interim relief to the income beneficiary pending the resolution of a related probate proceeding (*see, Matter of Huber v Mones,* 243 AD2d 633; *Matter of Barenholtz,* 201 AD2d 305; *Matter of Sommer,* 199 AD2d 273). Ritter, J. P., Florio, Feuerstein and Crane, JJ., concur.

■ In the Matter of JULIO M., a Person Alleged to be a Juvenile Delinquent, Appellant. [732 NYS2d 364] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Suffolk County (Simeone, J.), dated May 8, 2000, which, upon a fact-finding order of the same court, dated April 21, 2000, made after a hearing, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of sodomy in the first degree, adjudged him to be a juvenile delinquent and, *inter alia,* placed him with the New York State Office of Children and Family Services for a period of 18 months for placement in a limited secure facility.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Viewing the evidence in the light most favorable to the presentment agency (*see, Matter of Daryl W.,* 275 AD2d 792), we find that it was legally sufficient to establish beyond a reasonable doubt that the appellant committed an act which, if committed by an adult, would have constituted the crime of sodomy in the first degree (*see,* Penal Law § 130.50 [3]). Bracken, P. J., McGinity, Luciano and Feuerstein, JJ., concur.