■ GURDHIAN SINGH, Appellant, v JON FRIEDSON, Respondent, et al., Defendant. [732 NYS2d 880] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Polizzi, J.), dated June 28, 2001, which denied his motion for leave to enter a judgment against the defendant Jon Friedson on the issue of liability upon his failure to appear or answer, and granted the defendants' cross motion to compel the plaintiff to accept the verified amended answer of the defendant Jon Friedson as timely served.

Ordered that the order is reversed, as a matter of discretion, with costs, the motion is granted, the cross motion is denied, and the action against the remaining defendant is severed.

A defendant seeking to oppose a plaintiff's motion for leave to enter a default judgment based upon his or her failure to appear or answer must demonstrate a reasonable excuse for the delay and the existence of a meritorious defense (see, Gurreri v Village of Briarcliff Manor, 249 AD2d 508; Pumarejo-Garcia v McDonough, 242 AD2d 374). The respondent failed to demonstrate either element (see, Walkes v Benoit, 257 AD2d 508; Pumarejo-Garcia v McDonough, supra; Miles v Blue Label Trucking, 232 AD2d 382). Therefore, the Supreme Court should have granted the motion for leave to enter a judgment against the respondent upon his default, and denied the cross motion to compel the plaintiff to accept the respondent's verified amended answer as timely served. O'Brien, J. P., S. Miller, McGinity, Schmidt and Townes, JJ., concur.