■ GURDHIAN SINGH, Appellant, v JON FRIEDSON et al., Respondents. [783 NYS2d 46]—

Motion by the appellant for leave to reargue an appeal from an order of the Supreme Court, Queens County, dated August 16, 2002, which was determined by decision and order of this Court dated November 17, 2003.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that the motion is granted; and it is further,

Ordered that upon reargument, the decision and order dated November 17, 2003, is recalled and vacated, and the following decision and order is substituted therefor:

In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Queens County (Polizzi, J.), dated August 16, 2002, as denied his cross motion to disqualify the law firm of Brand & Brand from representing both defendants, and, in effect, to determine that he was not obligated to prove that he sustained a serious injury within the meaning of Insurance Law § 5102 against the defaulting defendant Jon Friedson.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the cross motion which was, in effect, to determine that the plaintiff is not obligated to prove that he sustained a serious injury within the meaning of Insurance Law § 5102 against the defaulting defendant Jon Friedson and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, with costs to the appellant.

The Supreme Court erred in denying that branch of the plaintiff's cross motion which was, in effect, to determine that he is not obligated to prove that he sustained a serious injury within the meaning of Insurance Law § 5102 against the defaulting defendant Jon Friedson (hereinafter Friedson). Under the circumstances, Friedson is precluded from contesting the issue of whether the plaintiff sustained a serious injury at the inquest on damages. The plaintiff previously moved for leave to enter a default judgment against the defendant Friedson upon his failure to answer. In his cross motion to vacate his default, Friedson alleged a meritorious defense as to the happening of the accident, but failed to address the issue of serious injury. The Supreme Court granted Friedson's cross motion and denied the plaintiff's prior motion. On appeal, this Court reversed (*see Singh v Friedson,* 288 AD2d 292 [2001]). Accordingly, Friedson

is precluded, pursuant to the doctrine of law of the case, from raising the issue of serious injury on this appeal (*see Beresford v Waheed,* 302 AD2d 342 [2003]; *cf. Zecca v Riccardelli,* 293 AD2d 31 [2002]).

Since the plaintiff was neither a former nor present client of the law firm of Brand & Brand, he did not have standing to seek its disqualification from dual representation of the two defendants (*see Broadway Equities v Metropolitan Elec. Mfg. Co.,* 306 AD2d 426 [2003]; *Ogilvie v McDonald's Corp.,* 294 AD2d 550 [2002]).

The plaintiff's remaining contentions are without merit. Altman, J.P., S. Miller, Adams and Mastro, JJ., concur.