(October 17, 2006)

■ A.F.C. Enterprises, Inc., Respondent, v New York City School Construction Authority, Appellant. [823 NYS2d 433]—

In an action, inter alia, to recover damages for breach of contract, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Elliot, J.), dated August 27, 2004, as denied those branches of its motion which were to dismiss the complaint pursuant to CPLR 3126 and to impose monetary sanctions on the plaintiff, and to disqualify the plaintiff's attorney.

Ordered that the appeal from so much of the order as denied that branch of the motion which was to dismiss the complaint and to impose monetary sanctions on the plaintiff is dismissed, as that portion of the order was superseded by an order of the same court dated September 9, 2005, made upon renewal (*see A.F.C. Enters., Inc. v New York City School Constr. Auth.,* 33 AD3d 737 [2006] [decided herewith]); and it is further,

Ordered that the order is affirmed insofar as reviewed, with costs.

The Supreme Court providently exercised its discretion in denying that branch of the defendant's motion which was to disqualify the plaintiff's attorney because of an alleged conflict of interest. Since the defendant is neither a present nor a former client of the subject attorneys, it has no standing to seek disqualification based on conflict of interest (*see Rowley v Waterfront Airways,* 113 AD2d 926 [1985]; *Ogilvie v McDonald's Corp.,* 294 AD2d 550 [2002]; *Matter of Epstein,* 255 AD2d 582, 583 [1998]; *Vanarthros v St. Francis Hosp.,* 234 AD2d 450 [1996]). Florio, J.P., Krausman, Luciano and Skelos, JJ., concur.