■ ROBERT FALK et al., Appellants, v TIMOTHY CHITTENDEN, Respondent. [826 NYS2d 400]—

In an action for a judgment declaring, inter alia, that the defendant's attorney should be disqualified from representing the defendant in an employee disciplinary proceeding, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered April 18, 2005, which granted the defendant's motion for summary judgment.

Ordered that the order is affirmed, without costs or disbursements.

This action arises out of a disciplinary proceeding commenced by the plaintiff Robert Falk, in his capacity as a lieutenant of the Rye City Police Department, against the defendant Timothy Chittenden, a police officer of the City of Rye. The plaintiffs commenced this action seeking a declaration, inter alia, that Chittenden's counsel in the disciplinary proceeding, Jonathan Lovett, should be disqualified from representing the defendant in that proceeding. The plaintiffs contend that there was a conflict of interest in that representation because Falk had previously retained Lovett to represent him in a related matter. Chittenden moved for summary judgment asserting that the plaintiffs were without capacity and standing to assert the claims in the complaint, that the court was without subject matter jurisdiction to entertain those claims, and that the complaint failed to state a cause of action. The Supreme Court granted Chittenden's motion on the ground that the claims presented in the complaint were not ripe for determination and would result in an impermissible advisory opinion. We conclude that the motion was properly granted, albeit on a different ground.

Contrary to the conclusion reached by the Supreme Court, the complaint presents a controversy that is ripe for judicial review. Lovett was, at the time of the motion, representing Chittenden in the disciplinary proceeding. Since the relief requested, if granted, would thus have an "immediate and practical effect" on the conduct of the parties (*New York Pub. Interest Research Group v Carey*, 42 NY2d 527, 532 [1977]), the ripeness of the controversy was established.

Although the action was ripe for adjudication, Chittenden nevertheless demonstrated, in support of his motion for summary judgment, that the plaintiffs lack standing to seek the relief requested in the complaint. In opposition, the plaintiffs failed to raise a triable issue of fact. A party has no standing to seek the disqualification of an attorney with whom the party has no present or former attorney-client relationship (*see A.F.C. Enters., Inc. v New York City School Constr. Auth.*, 33 AD3d 736 [2006]). The plaintiff City of Rye asserts no such relationship. Rather, the complaint is predicated upon Falk's alleged private consultation with Lovett in connection with a related matter. As the plaintiffs' attorney conceded at oral argument, however, Falk's presence as a plaintiff in this action is in his official capacity as a lieutenant of the Rye City Police Department. Falk's private consultation with Lovett did not establish an

attorney-client relationship between Lovett and Falk, the lieutenant (*see Busino v Meachem,* 270 AD2d 606, 608 [2000]). The plaintiffs therefore lack standing to seek disqualification of Lovett in this action in which Falk appears only in his official capacity.

In light of this determination, it is unnecessary for us to reach the defendant's remaining contentions. Ritter, J.P., Goldstein, Rivera and Spolzino, JJ., concur.