■ HALL DICKLER KENT GOLDSTEIN & WOOD, LLP, Plaintiff, v SUZANNE McCORMICK, Defendant and Third-Party Plaintiff-Appellant. DENNIS McCORMICK et al., Third-Party Defendants-Respondents. [830 NYS2d 195]—

In an action, inter alia, to recover damages for breach of contract, the defendant third-party plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Barone, J.), entered June 24, 2005, as granted that branch of the third-party defendants' motion which was to vacate an order of the same court entered July 2, 2004 granting her motion for leave to enter a judgment against them upon their default in appearing at discovery conferences, and denied her cross motion to disqualify the firm of Roosevelt & Benowich and Leonard Benowich as attorneys for the third-party defendants.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court providently exercised its discretion in granting that branch of the third-party defendants' motion which was to vacate their default. The evidence established that the default entered against the third-party defendants David McCormick, Ann Ritter, David Cook McCormick, Helen Leaver, and David Velderman was a nullity, as they were not properly served with process (see CPLR 5015 [a] [4]), and vacatur of the default judgment was required as a matter of law and due process (see Ismailov v Cohen, 26 AD3d 412, 413-414 [2006]; Pelaez v Westchester Med. Ctr., 15 AD3d 375, 376 [2005]). With regard to the remaining third-party defendants, the Supreme Court providently exercised its discretion in vacating their default (cf. M.S. Hi-Tech, Inc. v Thompson, 23 AD3d 442, 443 [2005]; Tragni v Tragni, 21 AD3d 1084, 1085-1086 [2005]; Orwell Bldg. Corp. v Bessaha, 5 AD3d 573, 574-575 [2004]).

Since the defendant third-party plaintiff (hereinafter the defendant) was neither a former nor a present client of the law firm of Roosevelt & Benowich, LLP, or of Leonard Benowich, she did not have standing to seek the disqualification of Benowich or his law firm from dual representation of the plaintiff and the third-party defendants (see Singh v Friedson, 10 AD3d 721, 722 [2004]; cf. A.F.C. Enters., Inc. v New York City School Constr. Auth., 33 AD3d 736 [2006]; Ogilvie v McDonald's Corp., 294 AD2d 550, 552 [2002]). In any event, the Supreme Court providently exercised its discretion in denying the defendant's cross motion to disqualify counsel. It is undisputed that the plaintiff and the third-party defendants were fully informed of the potential for a conflict of interest based on the law firm's dual representation and that they consented to the

continued representation. The defendant's conclusory assertions and speculation as to the existence of a conflict of interest were insufficient to meet her burden of demonstrating that the disqualification of counsel was warranted (*see Dominguez v Community Health Plan of Suffolk*, 284 AD2d 294, 294-295 [2001]).

The defendant's remaining contentions are either not properly before this Court or without merit.

Motion by the third-party defendants-respondents on an appeal from an order of the Supreme Court, Westchester County, entered June 24, 2005, inter alia, to strike certain material from the appellant's brief on the ground that it refers to matter dehors the record. By decision and order on motion of this Court dated March 2, 2006 that branch of the motion which was to strike certain material from the appellant's brief was held in abeyance and was referred to the Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the branch of the motion which was to strike certain material from the appellant's brief is denied. Schmidt, J.P., Rivera, Santucci and Krausman, JJ., concur.