[893 NE2d 116, 862 NYS2d 839]

ROBERT FALK et al., Appellants, v TIMOTHY CHITTENDEN, Respondent.

Argued June 4, 2008; decided June 26, 2008

**POINTS OF COUNSEL**

*Landman Corsi Ballaine & Ford P.C.,* New York City (*Louis G. Corsi* and *Ameet B. Kabrawala* of counsel), and *Law Office of Vincent Toomey,* Lake Success (*Vincent Toomey* and *Christine A. Gaeta* of counsel), for appellants. I. The municipality and the police supervisor who brought disciplinary charges against a police officer have standing to seek an attorney's disqualification from representing the police officer at a disciplinary proceeding when the police supervisor who brought the charges previously consulted with that attorney about substantially related disciplinary problems concerning that police officer. (*Kassis v Teacher's Ins. & Annuity Assn.,* 93 NY2d 611; *Jamaica Pub. Serv. Co. v AIU Ins. Co.,* 92 NY2d 631; *Solow v Grace & Co.,* 83 NY2d 303; *Greene v Greene,* 47 NY2d 447; *Nichols v Village Voice,* 99 Misc 2d 822; *Rose Ocko Found. v Liebovitz,* 155 AD2d 426; *Arifi v de Transp. du Cocher, Inc.,* 290 F Supp 2d 344; *Weinberger v City of New York,* 97 AD2d 819; *A.F.C. Enters., Inc. v New York City School Constr. Auth.,* 33 AD3d 736; *Community Bd. 7 of Borough of Manhattan v Schaffer,* 84 NY2d 148.) II. The trial court and the Appellate Division had the inherent power and obligation to address sua sponte the issue of attorney conflict in order to prevent the disclosure of privileged attorney-client communications, protect the integrity of an administrative disciplinary proceeding, and ensure both clients and the general public that lawyers will act within the bounds of ethical conduct. (*Leviten v Sandbank,* 291 NY 352; *Rainbow Hill Homeowners Assn., Inc. v Gigante, Inc.,* 32 AD3d 532; *Dorsainvil v Parker,* 14 Misc 3d 397; *Island Pa-Vin Corp. v Klinger,* 76 Misc 2d 180, 47 AD2d 627; *HF Mgt. Servs. LLC v Pistone,* 34 AD3d 82; *Rosen v Rosen,* 5 Misc 3d 1031[A], 2003 NY Slip Op 51736[U]; *Booth v Continental Ins. Co.,* 167 Misc 2d 429; *Develop Don't Destroy Brooklyn v Empire State Dev. Corp.,* 31 AD3d 144; *Nichols v Village Voice,* 99 Misc 2d 822; *Kevlik v Goldstein,* 724 F2d 844.) III. Because there are no triable issues of fact, this Court should direct the Supreme Court to enter judgment in favor of plaintiffs declaring that defendant's counsel is disqualified from representing him in the pending disciplinary proceedings. (*Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106; *Dunham v Hilco Constr. Co.,* 89 NY2d 425; *Igbara Realty Corp. v New York Prop. Ins. Underwriting Assn.,* 63 NY2d 201;

*Matter of Town of Islip v Cuomo,* 64 NY2d 50; *Hecht v City of New York,* 60 NY2d 57.)

*Lovett & Gould, LLP,* White Plains (*Jane Bilus Gould* of counsel), for respondent. Plaintiffs have failed to sustain their burden of establishing that disqualification is warranted. (*Tekni-Plex, Inc. v Meyner & Landis,* 89 NY2d 123; *Campolongo v Campolongo,* 2 AD3d 476; *Heim v Merritt-Meridian Corp.,* 236 AD2d 367; *Reem Contr. Corp. v Resnick Murray St. Assoc.,* 43 AD3d 369; *Gaspar v Hollrock Poured Concrete, Inc.,* 7 AD3d 871; *Solow v Grace & Co.,* 83 NY2d 303; *Jamaica Pub. Serv. Co. v AIU Ins. Co.,* 92 NY2d 631; *Waehner v Northwest Bay Partners, Ltd.,* 30 AD3d 799; *Greene v Greene,* 47 NY2d 447; *Medical Capital Corp. v MRI Global Imaging, Inc.,* 27 AD3d 427.)

## OPINION OF THE COURT

READ, J.

In 2003, Robert Falk, in his capacity as a lieutenant in the City of Rye's Police Department, commenced a disciplinary proceeding against Officer Timothy Chittenden pursuant to Civil Service Law § 75 and the Police Department's Rules and Regulations. Falk, who supervised Chittenden, preferred five misconduct charges alleging insubordination by Chittenden toward another police lieutenant, Joseph Verille, in December 2002. Chittenden ultimately retained Jonathan Lovett, Esq. to represent him at the hearing on these charges.

Falk moved before the hearing officer to disqualify Lovett on the ground that he had an attorney-client relationship with him, which created a conflict of interest. Chittenden opposed the motion, and the hearing officer concluded that he did not have authority to decide it. The hearing officer consequently "strongly recommend[ed] that this Motion to Disqualify Counsel be referred to the Supreme Court," noting that "many issues of credibility" existed, and that the parties "total[ly] disagree[d] with regard to the [alleged prior] legal representation of Lieutenant Falk by Mr. Lovett."

By summons dated May 17, 2004 and verified complaint dated April 28, 2004, Falk and the City of Rye commenced this action against Chittenden in Supreme Court. They sought a declaration that Lovett had a conflict of interest precluding him from representing Chittenden in the disciplinary proceeding and an order directing Chittenden to discontinue his representation by Lovett and his law firm. They alleged that in late 2000 and/or early 2001, Chittenden falsely complained to the newly ap-

pointed City Manager that Falk was incompetent, causing Falk to worry that the City Manager and Mayor might terminate his employment based on these complaints. As a result, Falk allegedly sought Lovett's advice on how to retain his position, met with him personally approximately five times, communicated with him many times via telephone and in writing, discussed Chittenden's acts of insubordination and shared numerous confidential documents with him, including e-mails from Chittenden evincing insubordination and Falk's private records on Chittenden, other police officers and city officials.

Based on these materials, Lovett allegedly advised Falk that disciplinary action could be taken against Chittenden, and the two men discussed using Lovett's services as a prosecutor in such an action. According to Falk, he offered to pay Lovett for his advisory services but Lovett demurred, suggesting a contingency fee arrangement in the event that Falk brought suit against the City.

Although Falk did not bring disciplinary charges against Chittenden at that time, he continued to consider Lovett his attorney and claims that he communicated with Lovett periodically. Lovett did not advise Falk of his intention to represent Chittenden in the 2003 disciplinary proceeding and Falk did not consent to the representation. After Falk learned that Lovett was representing Chittenden, Lovett allegedly called Falk and advised him that he would continue to represent Falk in other matters.

Falk and the City argue in this declaratory judgment action that Lovett's representation of Chittenden in the disciplinary proceeding creates a conflict of interest—for example, Chittenden could use the confidential information acquired through Lovett and Falk's attorney-client relationship during cross-examination. In his answer, Chittenden disputed much of Falk's description of the nature and frequency of the communications between Lovett and Falk.

Chittenden moved for summary judgment to dismiss the lawsuit, asserting that Falk and the City lacked capacity and standing to seek Lovett's disqualification, that the court was without subject matter jurisdiction, and that the complaint failed to state a cause of action. In an order dated April 18, 2005, Supreme Court granted the motion, opining that "the issue presented [wa]s not ripe for resolution, would result in an advisory opinion and is based upon events that might not occur."

Falk and the City appealed. In a decision and order dated December 12, 2006, the Appellate Division affirmed on a different ground. Disagreeing with Supreme Court, the Appellate Division determined that the controversy was ripe for judicial review because disqualification of Lovett would "have an 'immediate and practical effect' on the conduct of the parties" (*Falk v Chittenden*, 35 AD3d 531, 532 [2d Dept 2006], quoting *New York Pub. Interest Research Group v Carey*, 42 NY2d 527, 532 [1977]). The court concluded, however, that "Chittenden . . . demonstrated, in support of his motion for summary judgment, that the plaintiffs [Falk and the City] lack standing to seek the relief requested in the complaint[, and] the plaintiffs failed to raise a triable issue of fact [in opposition]" (*id.*).

The Appellate Division stated that "[a] party has no standing to seek the disqualification of an attorney with whom the party has no present or former attorney-client relationship"; and that "[t]he plaintiff City of Rye asserts no such relationship" (*id*). "Rather," according to the Appellate Division,

> "the complaint is predicated upon Falk's alleged private consultation with Lovett in connection with a related matter. As the plaintiffs' attorney conceded at oral argument, however, Falk's presence as a plaintiff in this action is in his official capacity as a lieutenant of the Rye City Police Department. Falk's private consultation with Lovett did not establish an attorney-client relationship between Lovett and Falk, the lieutenant. The plaintiffs therefore lack standing to seek disqualification of Lovett in this action in which Falk appears only in his official capacity" (*id.* at 532-533 [citation omitted]).

We subsequently granted leave to appeal, and now reverse.

Code of Professional Responsibility DR 5-108 (a), which describes an attorney's duty to maintain the confidences and secrets of *former* clients, provides in relevant part that

> "a lawyer who has represented a client in a matter shall not, without the consent of the former client after full disclosure . . . [t]hereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client" (22 NYCRR 1200.27 [a] [1]).

As we stated in *Jamaica Pub. Serv. Co. v AIU Ins. Co.* (92 NY2d 631 [1998]), DR 5-108 (a) requires a party seeking disqualification of an opponent's lawyer to show that there was a prior attorney-client relationship; that the matters involved in both representations are substantially related; and that the present interests of the attorney's past and present clients are materially adverse (*id.* at 636). Indeed, DR 5-108 (a) mandates disqualification where these three conditions are met (*see Tekni-Plex, Inc. v Meyner & Landis*, 89 NY2d 123, 132 [1996] ["where the movant satisfies all three inquiries . . . the irrebuttable presumption of disqualification arise(s)"]). All three conditions have been fulfilled here.

As an initial matter, those elements of the two parties' 2000/2001 interactions that are undisputed establish that some kind of attorney-client relationship existed between Lovett and Falk. The record shows that Falk sought Lovett's legal advice at least partly in a professional capacity. The record further establishes that conversations between Lovett and Falk touched on the matter of disciplining Chittenden. Lovett acknowledges that he rendered some legal advice on that issue, advising Falk to be wary of Officer Chittenden's First Amendment rights. Moreover, while disciplining Chittenden might have been a personal desire of Falk's, a request for legal advice as to whether discipline against an inferior officer is a viable course of action falls squarely within a commanding officer's professional responsibilities. Accordingly, Falk in his official capacity had an attorney-client relationship with Lovett, and therefore has standing as a prior client to bring this action for declaratory judgment.

The other prongs of DR 5-108 (a) are satisfied as well. Seeking advice about a potential disciplinary case against Chittenden for insubordination in 2000/2001 is "substantially related" to actually bringing just such a case in 2003. More specifically, Chittenden's prior conduct might bear on the issue of punishment, and Falk's prior consideration of pursuing charges for insubordination might likewise be relevant. Together, these factors create a sufficient nexus between the two representations. And Falk's and Chittenden's interests are materially adverse in the disciplinary proceeding, which pits these two parties—obvious antagonists—against one another.

As a final matter, Falk and the City have asked us to declare that Lovett is disqualified from representing Chittenden in the pending disciplinary proceeding. They did not, however, cross-move for summary judgment for this relief, which we may not

grant in the absence of an appeal from the denial of such a cross motion (*see Merritt Hill Vineyards v Windy Hgts. Vineyard*, 61 NY2d 106, 110 [1984]).

Accordingly, the order of the Appellate Division should be reversed, with costs, and the case remitted to Supreme Court for further proceedings in accordance with this opinion.

Chief Judge KAYE and Judges CIPARICK, GRAFFEO, SMITH, PIGOTT and JONES concur.

Order reversed, etc.