OPINION OF THE COURT
Lee L. Holzman, J.
In this SCPA 711 proceeding, the petitioner, a one-third residuary legatee, seeks the revocation of the letters testamentary that issued to the executor, and the executor now moves to disqualify the petitioner’s counsel, asserting that his representation of the petitioner violates counsel’s fiduciary duties to him, as counsel previously represented him in his capacity as the executor of the estate. The petitioner’s counsel opposes the motion contending that there is no conflict of interest as he never represented the executor and only represented the estate.
On January 14, 2007, the executor executed a retainer agreement with the petitioner’s counsel which provides in pertinent part that “you (the executor) have retained this firm as your attorneys to represent you to handle the case of ESTATE OF MARY HARRIS.” That representation continued for one year, at which point, the executor formally terminated the services of counsel in writing, and requested that he turn over his files and send an itemized invoice for all legal services provided to that date. When counsel failed to turn over the requested files or to provide the invoice, the executor commenced a SCPA 2103 proceeding against counsel who interposed objections. Thereafter, the petitioner, represented by counsel, commenced this SCPA 711 proceeding seeking the removal of the executor.
In support of his motion, the executor relies on Tekni-Plex, Inc. v Meyner & Landis (89 NY2d 123 [1996], reh denied 89 NY2d 917 [1996]) and asserts that his former counsel must be disqualified as counsel for the petitioner, as he and counsel had a prior attorney-client relationship, the matters involved in both representations are substantially related, and his interests and those of the petitioner are materially adverse. Counsel opposes the motion contending that he represented the estate, not the executor, so there was no prior attorney-client relationship between himself and the executor, and no conflict arises as a result of his continued representation of the petitioner in this *241 SCPA 711 removal proceeding. Notwithstanding that counsel disputes that he gave any meaningful advice to the executor with respect to payments that should be made from estate assets, he does concede that he did tell the executor, while he was representing him, to make one payment to his present client, the petitioner in the SCPA 711 proceeding. Moreover, the record reflects that counsel was the attorney who represented the executor in the probate proceeding.
Code of Professional Responsibility DR 5-108 (22 NYCRR 1200.27) is entitled “Conflict of Interest — Former Client” and provides, in pertinent part, that:
“a lawyer who has represented a client in a matter shall not, without the consent of the former client after full disclosure . . . [thereafter represent another person in the same or a substantially related matter in which that person’s interests are materially adverse to the interests of the former client.” (DR 5-108 [a] [1].)
The foundation for this disciplinary rule is an attorney’s continuing duty to former clients not to reveal confidences learned during the course of the professional relationship (see Kassis v Teacher’s Ins. & Annuity Assn., 93 NY2d 611, 615-616 [1999]), and the former clients’ correlative right to be free from apprehension that the prior representation will inure to the advantage of their current adversaries (see Decana Inc. v Contogouris, 27 AD3d 207 [2006], citing Greene v Greene, 47 NY2d 447, 453 [1979]; Cardinale v Golinello, 43 NY2d 288, 295-296 [1977]). Thus, pursuant to DR 5-108 (a), a party seeking disqualification of an opponent’s lawyer must show that: (1) there was a prior attorney-client relationship; (2) the matters involved in both representations are substantially related; and, (3) the present interests of the attorney’s past and present clients are materially adverse (Falk v Chittenden, 11 NY3d 73, 78 [2008], citing Jamaica Pub. Serv. Co. v AIU Ins. Co., 92 NY2d 631 [1998]). The burden is on the party moving for disqualification to demonstrate the existence of the three conditions (see Medical Capital Corp. v MRI Global Imaging, Inc., 27 AD3d 427 [2006]) and, where that burden is met, an “irrebuttable presumption” of disqualification arises mandating disqualification under DR 5-108 (a) (Falk, 11 NY3d at 78, quoting Tekni-Plex, Inc., 89 NY2d at 132).
Estates, unlike corporations or other recognized legal entities, may not litigate in their own name but, instead, can only ap *242 pear in litigation by a personal representative (see EPTL 11-3.1; see also CPLR 1015 [a]). Consequently, when attorneys state they are appearing on behalf of an estate, such a statement is technically incorrect because the attorney is representing the personal representative of the estate, and not the estate itself or the beneficiaries of the estate (see CPLR 4503 [a] [2]; Matter of Hof, 102 AD2d 591, 593 [1984]; Matter of Schrauth, 249 App Div 847 [1937]; Matter of Scanlon, 2 Misc 2d 65, 69 [1956]). Therefore, based upon counsel’s representation of the executor during the underlying probate proceeding, his advice on at least one occasion with respect to the administration of the estate and the retainer agreement executed by the executor, it is clear that until January 17, 2008, counsel and the executor had an attorney-client relationship.
The executor also demonstrated that counsel’s representation of him in the probate proceeding and the administration of the estate are substantially related to counsel’s representation of the petitioner in the SCPA 711 proceeding, as the executor’s actions in administering the estate form the foundation for the removal proceeding. The interests of the executor and of counsel’s present client are also materially adverse, as she now seeks the removal of the executor as fiduciary and the issuance of letters of administration c.t.a. to herself, which makes the two parties obvious antagonists. Finally, the executor is entitled to be free from apprehension that counsel’s prior representation of him will inure to the advantage of the petitioner in the SCPA 711 proceeding (see Decana Inc., 27 AD3d at 207; Nationwide Assoc. v Targee St. Internal Medicine Group, 303 AD2d 728 [2003]; see also Matter of Hof, 102 AD2d at 591; Matter of Wogelt, 171 Misc 2d 29 [1996]).
Thus, the executor has met his burden of demonstrating the three conditions necessary to cause the irrebuttable presumption of disqualification to arise, and counsel’s disqualification is mandated under DR 5-108 (a). Accordingly, the executor’s motion to disqualify his former attorney as counsel for the petitioner in the removal proceeding is granted. The SCPA 711 proceeding is stayed for a period of 30 days after service upon the petitioner by certified mail, return receipt requested, and by ordinary mail with United States postal certificate of mailing of the order to be settled hereon (see CPLR 321 [c]) to enable her to obtain new counsel or proceed pro se. Said order shall provide for a conference in this proceeding on a regular calendar date of the court to be *243 held at least 60 days after the settlement date of the order and not more than 90 days after said date. Both counsel for the executor and disqualified counsel shall serve the order upon the petitioner in the manner provided above.