■ LOUIS SCAFURI et al., Respondents, v JOSEPH DEMASO, Appellant, et al., Defendant. [896 NYS2d 421]—

In an action, inter alia, to set aside a conveyance of certain real property, the defendant Joseph DeMaso appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Martin, J.), dated December 2, 2008, as granted the plaintiffs' cross motion to disqualify the law firm of Gabor & Marotta, LLC, from representing him in the action.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the cross motion is denied.

The defendant Joseph DeMaso (hereinafter the defendant) correctly contends that the Supreme Court erred in disqualifying the law firm of Gabor & Marotta, LLC, from representing him in this action. The disqualification was based on an alleged conflict of interest arising from the law firm's previous representation of the deceased aunt of the plaintiff Louis Scafuri (hereinafter the decedent) in a real property transaction with the defendant.

"[A] party seeking disqualification of [his or her] adversary's lawyer must prove: (1) the existence of a prior attorney-client relationship between the moving party and opposing counsel, (2) that the matters involved in both representations are substantially related, and (3) that the interests of the present client and former client are materially adverse" (*Tekni-Plex, Inc. v Meyner & Landis*, 89 NY2d 123, 131 [1996]; *see Falk v Chittenden*, 11 NY3d 73, 78 [2008]; *Jamaica Pub. Serv. Co. v AIU Ins. Co.*, 92 NY2d 631, 636 [1998]; *Solow v Grace & Co.*, 83 NY2d 303, 308 [1994]). The plaintiffs failed to satisfy the first of the foregoing criteria, since the law firm never represented them in any matter and, therefore, they lacked standing to seek the law firm's disqualification (*see Hall Dickler Kent Goldstein & Wood, LLP v McCormick*, 36 AD3d 758, 759 [2007]; *A.F.C. Enters., Inc. v New York City School Constr. Auth.*, 33 AD3d 736 [2006]; *Singh v Friedson*, 10 AD3d 721, 722 [2004]; *Broadway Equities v Metropolitan Elec. Mfg. Co.*, 306 AD2d 426, 427 [2003]; *Ogilvie v McDonald's Corp.*, 294 AD2d 550, 552 [2002]). In this regard, the plaintiffs' reliance on the law firm's previous representation of the decedent as a basis for their standing is misplaced, since a determination dated November 19, 2009, in a probate proceeding entitled *Matter of Ruoti*, pending in the Surrogate's Court, Kings County, under file No. 2294/08, of which we take judicial notice (*see Ramsey v Ramsey*, 69 AD3d 829 [2010]; *Matter of Khatibi v Weill*, 8 AD3d 485 [2004]; *Matter of Allen v Strough*, 301 AD2d 11, 18 [2002]), demonstrates that the plaintiffs are not the duly appointed representatives of the decedent's estate. Additionally, the plaintiffs failed to establish that the interests of the defendant and of the decedent's estate are materially adverse (*see Matter of Voss v 87-10 51st Ave. Owners Corp.*, 292 AD2d 622, 624 [2002]; *Matter of Huber v Mones*, 243 AD2d 633, 634 [1997]). Accordingly, the plaintiffs' conclusory and speculative assertions regarding a conflict of interest were insufficient to warrant the disqualification of the law firm (*see Hall Dickler Kent Goldstein & Wood, LLP v McCormick*, 36 AD3d 758, 760 [2007]; *Lefkowitz v Mr. Man*, 111 AD2d 119, 121-122 [1985]).

Similarly unavailing are the plaintiffs' contentions that disqualification was necessary, based on their conclusory assertions of a misuse of client confidences (*see generally Jamaica Pub. Serv. Co. v AIU Ins. Co.*, 92 NY2d at 637-638; *Wissler v Ashkinazy*, 299 AD2d 352, 352-353 [2002]) or because it would be necessary for a member of the law firm to testify at trial (*see S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.*, 69 NY2d 437, 446 [1987]; *Hudson Val. Mar., Inc. v Town of Cortlandt*, 54 AD3d 999, 1000-1001 [2008]; *Zutler v Drivershield*

*Corp.*, 15 AD3d 397 [2005]; *Eisenstadt v Eisenstadt*, 282 AD2d 570, 571 [2001]). Mastro, J.P., Dickerson, Belen and Roman, JJ., concur.