Source One Logistics, Ltd. v BBX, Inc. (2021 NY Slip Op 01681)





Source One Logistics, Ltd. v BBX, Inc.


2021 NY Slip Op 01681


Decided on March 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, TROUTMAN, BANNISTER, AND DEJOSEPH, JJ.


1220 CA 20-00505

[*1]SOURCE ONE LOGISTICS, LTD., AND GLENN LISTA, PLAINTIFFS-RESPONDENTS,
v
BBX, INC., DOING BUSINESS AS BOSTON BUFFALO EXPRESS, DEFENDANT-APPELLANT. 






GROSS SHUMAN P.C., BUFFALO (DAVID H. ELIBOL OF COUNSEL), FOR DEFENDANT-APPELLANT.
DUKE HOLZMAN PHOTIADIS & GRESENS LLP, BUFFALO (CHRISTOPHER M. BERLOTH OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS.


 Appeal from an order of the Supreme Court, Erie County (Deborah A. Chimes, J.), entered January 7, 2020. The order, among other things, denied defendant's motion for partial summary judgment and to disqualify the law firm representing plaintiffs. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs commenced this action against defendant seeking damages for, inter alia, breach of contract. Defendant appeals from an order that, among other things, denied its motion seeking to disqualify the law firm representing plaintiffs and partial summary judgment limiting the third, fourth, and fifth causes of action to the time period of November and December 2012.
Contrary to defendant's contention, Supreme Court did not abuse its discretion in denying that part of the motion for disqualification of plaintiffs' law firm on the ground that defendant lacked standing to seek that relief inasmuch as defendant did not show the existence of a prior attorney-client relationship between it and the opposing law firm (see Ellison v Chartis Claims, Inc., 142 AD3d 487, 487-488 [2d Dept 2016]; Scafuri v DeMaso, 71 AD3d 755, 756 [2d Dept 2010]; A.F.C. Enters., Inc. v New York City School Constr. Auth., 33 AD3d 736, 736 [2d Dept 2006]; see also Bison Plumbing City v Benderson, 281 AD2d 955, 955 [4th Dept 2001]).
We also reject defendant's contention that the court erred in denying that part of the motion seeking partial summary judgment. Even assuming, arguendo, that defendant met its initial burden on that part of the motion, we conclude that plaintiffs raised triable issues of fact whether their claims under the third, fourth, and fifth causes of action should be limited to the months of November and December 2012 (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
We have reviewed defendant's remaining contentions and conclude that none warrants reversal or modification of the order.
Entered: March 19, 2021
Mark W. Bennett
Clerk of the Court