OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
The sole ground on which defendant maintains that his confession should have been suppressed is that James Turner, defendant’s brother-in-law and a New York City police officer in another precinct, urged him to speak with the authorities after he had invoked his right to remain *695 silent. In defendant’s view, the record shows that the police induced or actively aided Turner’s conduct and thus failed to observe defendant’s decision not to speak. The affirmed findings, however, are to the contrary. On this record, it cannot be said as a matter of law that defendant’s invocation of his right to remain silent was not “scrupulously honored” (Michigan v Mosley, 423 US 96, 104).
Nor was there error in the trial court’s ruling permitting cross-examination of defendant concerning uncharged crimes on the basis of information provided by the victim’s brother. Questioning about uncharged crimes is permissible in the exercise of the court’s discretion so long as there is a good faith basis in fact for the inquiry (People v Sorge, 301 NY 198, 200-202). Here, the trial court was satisfied with the foundation for the prosecutor’s questions and nothing in the record suggests that the basis for the inquiry was inadequate as a matter of law or that the trial court abused its discretion.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in memorandum.
Order affirmed.