■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN GRAHAM, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hellenbrand, J.), rendered October 7, 1982, convicting him of murder in the second degree and manslaughter in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of the defendant's motion to suppress his statement to Elizabeth Johnson.

Judgment affirmed.

The court did not err in denying the defendant's motion to suppress a statement he allegedly made to his friend, Elizabeth Johnson, after he was arrested and placed in a cell at the police precinct, since there was absolutely no evidence adduced indicating that Ms. Johnson was acting at the direction of or in cooperation with law enforcement officials at the time the statement was allegedly made (see, CPL 60.45 [2] [b] [ii]; People v Ray, 65 NY2d 282; People v Warren, 97 AD2d 486, appeal dismissed 61 NY2d 886; People v Bracy, 98 Misc 2d 346, affd sub nom. People v De Pasquale, 75 AD2d 751, affd 54 NY2d 693). Furthermore, the court did not abuse its discretion in denying the defense counsel's request for an adjournment prior to the suppression hearing, which was held after the commencement of the trial, on the basis that he was unfairly surprised when he received a transcript of Ms. Johnson's Grand Jury testimony, which indicated that the defendant had made a statement to her (see, People v Spears, 64 NY2d 698; People v Foy, 32 NY2d 473). Nor did the court abuse its discretion in denying defense counsel's request to reopen the hearing on the basis of his discovery of further evidence in support of his motion to suppress, where that evidence actually had little bearing on the issue of the admissibility of the defendant's statement.

The sentence the defendant received, the maximum that could have been imposed, was not unduly harsh or excessive,

and there are no extraordinary circumstances present which would warrant disturbance of the sentencing court's exercise of discretion *(People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions have not been preserved for appellate review and we decline to reach them in the interest of justice. Mollen, P. J., Lazer, Mangano and Thompson, JJ., concur.