OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed and a new trial ordered.
Prior to jury selection in this case, defendant moved to proceed without representation of counsel. Without determining whether this request was knowingly and intelligently made, the trial court initially granted the motion, but thereafter ordered assigned counsel to take part in the proceeding after defendant indicated his intention to remain mute.
"A defendant in a criminal case may invoke the right to defend pro se provided: (1) the request is unequivocal and timely asserted, (2) there has been a knowing and intelligent waiver of the right of counsel, and (3) the defendant has not engaged in conduct which would prevent the fair and orderly exposition of the issues” (People v McIntyre, 36 NY2d 10, 17; see, Faretta v California, 422 US 806). When the right is timely interposed, the trial court should conduct a thorough inquiry to determine whether the waiver was made intelligently and voluntarily (People v McIntyre, 36 NY2d, at p 17, supra). Likewise, when "a court feels that the motion is a disingenuous attempt to subvert the overall purpose of the trial * * * the proper procedure is to conduct a dispassionate inquiry into the pertinent factors” (People v McIntyre, 36 NY2d, at p 19, supra).
*739 Here, the trial court rejected, out of hand, defendant’s timely request to proceed pro se without determining whether it was knowingly or intelligently made or whether it was a good-faith attempt to exercise his "right * * * to determine his own destiny” (People v McIntyre, 36 NY2d, at p 14, supra). Additionally, the court compelled assigned counsel to participate and to take specific actions with respect to the conduct of the trial, under threat of contempt, despite defendant’s contrary directions and repeated objections. By so doing, the trial court denied defendant his constitutional right to present his own defense (see, Faretta v California, 422 US 806, 835-836, supra; People v Vivenzio, 62 NY2d 775, 776; People v Davis, 49 NY2d 114, 120).