No. 86–5630.   HEATH *v.* UNITED STATES PAROLE COMMISSION ET AL.   C. A. 2d Cir.   Certiorari denied.

No. 86–5659.   GUPTA *v.* UNITED STATES.   C. A. 2d Cir.   Certiorari denied.

No. 85–1922.   WAINWRIGHT, SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS *v.* DEANGELO.   C. A. 11th Cir.   Motion of respondent for leave to proceed *in forma pauperis* granted. Certiorari denied.

No. 86–445.   NEW YORK *v.* SMITH.   Ct. App. N. Y.   Motion of respondent for leave to proceed *in forma pauperis* granted. Certiorari denied.

No. 86–143.   MUSTAFA, AKA BROWN *v.* UNITED STATES.   Ct. Mil. App.   Certiorari denied.

JUSTICE WHITE, with whom JUSTICE BRENNAN joins, dissenting.

In this case the trial court admitted, over petitioner's objection, the testimony of a purported expert on blood spatter techniques. On appeal, the Court of Military Appeals held that the testimony in question was admissible under Military Rule of Evidence 702, which is worded identically to Federal Rule of Evidence 702.   The court held that the so-called *Frye* test for determining the admissibility of expert testimony, see *Frye* v. *United States*, 54 App. D. C. 46, 47, 293 F. 1013, 1014 (1923), was superseded by the 1975 enactment of the Federal Rules of Evidence.   The court described Military Rule 702 as establishing a much lower threshold than *Frye* for determining whether a given person is an expert.   This conclusion is supported by decisions interpreting Federal Rule of Evidence 702 as establishing a more flexible standard of admissibility than the *Frye* test.   See, *e. g.*, *United States* v. *Downing*, 753 F. 2d 1224 (CA3 1985).   Other courts, however, have interpreted Federal Rule of Evidence 702 as incorporating the *Frye* test.   *Barrel of Fun, Inc.* v. *State Farm Fire & Casualty Co.*, 739 F. 2d 1028, 1031, n. 9 (CA5 1984); *United States* v. *McBride*, 786 F. 2d 45, 49 (CA2 1986).   I would grant certiorari to resolve this conflict on an obviously recurring and important issue.