■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE COLON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Matthews, J.), rendered February 6, 1983, convicting him of criminal possession of a controlled substance in the third degree (two counts), and criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Feldman, J.), without a hearing, of the defendant's motion to suppress physical evidence.

Ordered that the judgment is affirmed.

As the defendant's motion to suppress physical evidence was made on the eve of trial, some nine months after his arraignment and three months after the People filed and served their bill of particulars, the motion was untimely (CPL 710.40 [1], [2]; 255.20 [1]). In any event, as the affirmation accompanying the motion fails to allege facts in support of the motion, and only sets forth conclusory allegations, the motion was properly denied without a hearing (see, People v Roberto H., 67 AD2d 549).

The defendant also argues that the court improperly failed to grant his challenge for cause to a prospective juror. That juror had two sons, a daughter and a daughter-in-law who were police officers, but indicated in a forthright manner that he believed he would be fair and impartial and follow the court's instructions. While the defendant's challenge for cause does not fall within the relationships enumerated in CPL 270.20 (1) (c), that statute empowers the Trial Judge to identify other suspect relationships. Thus, a venireman may not serve if he "bears some other relationship to any such person of such nature that it is likely to preclude him from rendering an impartial verdict" (CPL 270.20 [1] [c]; People v Smith, 110 AD2d 669, revd on other grounds 68 NY2d 737, cert denied — US —, 107 S Ct 444).

Here the defendant challenged the prospective juror only because he had close relations who were police officers. However, the defendant was not charged with crimes involving conduct against police officers (see, People v Smith, supra; People v Johnson, 89 AD2d 506). Under the circumstances of this case, the court did not improperly exercise its discretion in denying the defendant's challenge for cause.

We have reviewed the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Bracken, Brown and Eiber, JJ., concur.