■ The People of the State of New York, Respondent, v Neal Wiesner, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Sullivan, J.), rendered March 19, 1985, convicting him of attempted murder in the second degree, burglary in the first degree, unlawful imprisonment in the first degree, criminal possession of a weapon in the second degree, and criminal use of a firearm in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements.

Ordered that the judgment is affirmed.

The defendant allegedly made certain statements to two former employees, John McNally and James Kingsley, concerning his involvement in the instant crimes. There was testimony to the effect that McNally and Kingsley were also associated with the law firm which once represented the defendant in an unrelated matter. Contrary to the defendant's contention, there was no evidence presented from which to conclude that the phone calls were made for the purpose of obtaining legal advice. Thus, the statements were not protected by the attorney-client privilege (see, CPLR 4503 [a]; *People v Mitchell*, 58 NY2d 368, 373).

Moreover, the court did not err in finding that certain statements made to McNally at the police precinct were not obtained in violation of the defendant's right to remain silent because McNally was not "acting at the direction of or in cooperation with law enforcement officials" at the time the statements were made *(People v Graham*, 120 AD2d 674, *lv denied* 68 NY2d 757; *see,* CPL 60.45 [2] [b] [ii]; *People v Ray,* 65 NY2d 282, 286; *People v Bracy,* 98 Misc 2d 346, *affd sub nom. People v De Pasquale,* 75 AD2d 751, *affd* 54 NY2d 693; *cf., People v Warren,* 97 AD2d 486, *appeal dismissed* 61 NY2d 886).

The defendant next contends that the trial court improperly denied him his right to defend *pro se.* In *People v McIntyre* (36 NY2d 10, 17), the Court of Appeals noted that three criteria must be examined by the court when a defendant desires to represent himself, namely, whether "(1) the request is unequivocal and timely asserted, (2) there has been a knowing and intelligent waiver of the right to counsel, and (3) the defendant has not engaged in conduct which would prevent the fair and orderly exposition of the issues" *(People v Smith,* 68 NY2d 737, 738, *cert denied* — US —, 107 S Ct 444). At bar,

upon inquiry by the trial court, the defendant acknowledged that he was incompetent to act as his own attorney. Moreover, the defendant's attempt to reject the attorney assigned to represent him at trial was merely a calculated effort to further delay the proceedings. Thus, the trial court properly denied the defendant's request (cf., *People v Smith, supra,* at 738, 739).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Thompson, J. P., Weinstein, Kunzeman and Harwood, JJ., concur.