■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES PELTO, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant, who chose to defend himself *pro se* at his trial, contends on appeal that the trial court erred by allowing him to represent himself because he did not knowingly, intelligently and voluntarily waive his right to counsel. We disagree. The record reveals that, at each of the various

pretrial proceedings and again immediately prior to the trial, defendant was fully advised by the court of his right to counsel and of the dangers and disadvantages attendant upon his waiver of that fundamental right. Further, the court appointed counsel as an advisor to assist defendant if defendant so desired. Pursuant to CPL 730.30, the court ordered a competency examination which found defendant competent to assist in his defense. We conclude, therefore, that defendant's decision to proceed *pro se* was based upon an intelligent, knowing, voluntary and unequivocal waiver of his right to counsel *(see, People v McIntyre,* 36 NY2d 10, 17; *see also, People v Smith,* 68 NY2d 737, *cert denied* 479 US 953; *People v Sawyer,* 57 NY2d 12, 22, *cert denied* 459 US 1178).

We find that the trial court properly concluded, pursuant to CPL 65.30, that a witness was a vulnerable child warranting the use of two-way closed-circuit televised testimony out of the presence of defendant *(see,* CPL art 65; *People v Cintron,* 75 NY2d 249). We find no basis to modify the sentence imposed. The imposition of consecutive terms of imprisonment was proper since these crimes involve disparate and distinct acts *(see, People v Brathwaite,* 63 NY2d 839, 842-843; *People v Barber,* 162 AD2d 955, *lv denied* 76 NY2d 937). (Appeal from Judgment of Ontario County Court, Houston, J.—Rape, 2nd Degree.) Present—Doerr, J. P., Boomer, Balio, Lawton and Davis, JJ.