No. 91–785. CHRISTOPHERSEN, SURVIVING SPOUSE OF CHRISTOPHERSEN, DECEASED, ET AL. v. ALLIED-SIGNAL CORP. ET AL. C. A. 5th Cir. Certiorari denied.

JUSTICE WHITE, with whom JUSTICE BLACKMUN joins, dissenting.

This case concerns the appropriate standard for determining the admissibility of expert testimony. It is an issue that has long divided the federal courts, see *Mustafa* v. *United States*, 479 U. S. 953 (1986) (WHITE, J., joined by Brennan, J., dissenting from denial of certiorari), and here deeply divided the Court of Appeals for the Fifth Circuit, sitting en banc.

Albert Roy Christophersen died of a rare form of cancer in 1986. Petitioners, his widow and son, brought suit, claiming that Christophersen's illness was caused by fumes from the manufacture of nickel/cadmium batteries in the factory where he had worked for 14 years. Petitioners based this claim upon the expert opinion of an internist and toxicologist. Respondents contended that there was no reliable basis for the expert's views and moved for summary judgment. The United States District Court for the Western District of Texas agreed that the doctor's affidavit was "not based upon the type of evidence usually relied upon by experts in the field of cancer research" and entered judgment for respondents. App. C to Pet. for Cert. 74–75.

A panel of the Court of Appeals reversed, 902 F. 2d 362 (1990), but on rehearing en banc, eight members of the court voted to affirm the judgment of the District Court, based in part on their conclusion that the admissibility of an expert witness' evidence should turn on whether his or her methodology is generally accepted within the scientific community. 939 F. 2d 1106 (1991) *(per curiam)*. This standard, known as the *Frye* test, was announced almost 70 years ago. See *Frye* v. *United States,* 54 App. D. C. 46, 293 F. 1013 (1923). But five members of the Court of Appeals concluded that the *Frye* test was not the applicable evidentiary standard. 939 F. 2d, at 1116 (Clark, C. J., concurring in result); *id.,* at 1122, 1136 (Reavley, King, Johnson, Wiener, JJ., dissenting in two opinions).

As the Fifth Circuit is divided, so the Courts of Appeals are in disagreement. Some continue to apply the approach set forth in *Frye* in deciding whether expert evidence is admissible. *E. g., Daubert* v. *Merrell Dow Pharmaceuticals, Inc.,* 951 F. 2d 1128 (CA9 1991); *United States* v. *Two Bulls,* 918 F. 2d 56 (CA8 1990); *United States* v. *Smith,* 869 F. 2d 348 (CA7 1989). But courts in other Circuits have concluded that *Frye* was superseded in 1975 by the Federal Rules of Evidence, which they maintain established a lower threshold for determining the admissibility of expert evidence. *E. g., United States* v. *Jakobetz,* 955 F. 2d 786 (CA2 1992); *DeLuca* v. *Merrell Dow Pharmaceuticals, Inc.,* 911 F. 2d 941 (CA3 1990). Because this is an important and recurring issue, I would grant certiorari to resolve the conflict.