■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROSENBERG CARDENAS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cohen, J.), rendered October 1, 1990, convicting him of criminal possession of a controlled substance in the second degree, criminal possession of a controlled substance in the third degree, criminal possession of a weapon in the fourth degree (two counts), and violation of Administrative Code of the City of New York § 10-135, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the trial court committed reversible error by permitting him to conduct a pro se defense is devoid of merit. The record amply demonstrates that the defendant's waiver of the right to counsel was unequivocal, voluntary, knowing, and intelligent (see, People v Slaughter, 78 NY2d 485, 491; People v Smith, 68 NY2d 737, 738, cert denied 479 US 953). Indeed, the propriety of the Supreme Court's determination is elucidated by its numerous efforts during the two hearings that were held five months apart, to

ascertain whether the defendant had validly waived his right to counsel, and to impress upon the defendant "the dangers and disadvantages" of relinquishing this fundamental right *(Faretta v California,* 422 US 806, 835; *see also, People v Sawyer,* 57 NY2d 12, 21, *cert denied* 459 US 1178).

We find that the sentence imposed by the court was not excessive *(see, People v Suitte,* 90 AD2d 80). Lawrence, J. P., Copertino, Pizzuto and Santucci, JJ., concur.