■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE YOUNGBLOOD, Appellant. [638 NYS2d 658]

Prior to the commencement of jury selection in this case counsel for the defendant stated to the trial court that the defendant wished to represent himself at trial. The court, after hearing only defense counsel's statement to the effect that the defendant was intelligent, familiar with the case and not satisfied with counsel's representation, summarily denied the application. It is well settled that when a defendant has timely interposed his right to self-representation, "the trial court should conduct a thorough inquiry to determine whether the waiver was made intelligently and voluntarily" (*People v Smith*, 68 NY2d 737, 738, *cert denied* 479 US 953). When " 'a court feels that the motion is a disingenuous attempt to subvert the overall purpose of the trial * * * the proper procedure is to conduct a dispassionate inquiry into the pertinent factors' " (*supra*, at 738, quoting *People v McIntyre*, 36 NY2d 10, 19).

The trial court in this case, as in *People v Smith (supra)*, summarily rejected the timely request to proceed *pro se* made by defendant through counsel. No determination regarding

defendant's knowledge and intelligence with respect to the waiver was made and, while the court, during the suppression hearing, acknowledged that the defendant had spoken out and stated that if defendant became "disruptive enough, we'll stop it", it failed to conduct any inquiry into the pertinent facts after the request to proceed *pro se* was made. Therefore, a new trial is required.

We have reviewed the other arguments raised by the defendant regarding, *inter alia*, the suggestiveness of the police line-up in which one of the victims positively identified the defendant, and find them to be without merit. Concur—Murphy, P. J., Sullivan, Wallach, Kupferman and Ross, JJ.