OPINION OF THE COURT
Richard F. Braun, J.
This is an action for damages for wrongful death and for pain and suffering,- due to the alleged negligence of defendant City of New York (City) and 49 other defendants. Plaintiff is the executor of the estate of his son. Plaintiffs son died after a car accident on the Harlem River Drive at about 127th Street on December 27, 1984 at approximately 10:30 p.m. About 30 vehicles were involved in a series of collisions on that snowy day. Plaintiffs decedent was driving a car somewhere in the middle of the pack. He died from his injuries about one hour after his accident.
At the trial before this court and a jury, plaintiff presented as several of his witnesses persons who were all at the time of the subject car accidents, and all but one at the time of trial, employees of defendant City. The witnesses were New York Police Department police officers, and a former Department of Sanitation supervisor and litigation officer. Plaintiffs counsel wished to inquire of the witnesses as to whether they met with attorneys for defendant City to discuss this action, and, if so, for how long they spoke with the attorneys and what was discussed. The attorney for defendant City objected to this line of inquiry.
A client cannot be compelled to disclose at a trial a confidential communication with his or her attorney, unless the privilege is waived by the client (CPLR 4503 [a]). There was no waiver here. Particularly at issue in this action was whether the attorney-client privilege applies to confidential communications between current and former City employees, and attorneys for defendant City, in preparation for a trial at which defendant City is a party. It is easier to analyze whether there is an attorney-client privilege between an attorney and an individual than between an attorney and a legal entity. For who is the client of an attorney for defendant City and between what persons does the privilege apply as to defendant City?
The attorney-client privilege applies to confidential communications between a corporation and its attorneys (Rossi v Blue Cross & Blue Shield of Greater N. Y., 73 NY2d 588, 591-592 [1989]). The attorney-client privilege even attaches for a *60 corporation to communications between the corporation’s attorney and low-level corporate employees (Niesig v Team I, 76 NY2d 363, 371 [1990]). Just like a corporation, defendant City is a legal creation which acts through its employees, at all levels. Just as do counsels for corporations and for individual clients, attorneys for defendant City must have the same opportunity for a privileged "open dialogue” in preparing their City employee witnesses for trial (Spectrum Sys. Intl. Corp. v Chemical Bank, 78 NY2d 371, 377 [1991]). Otherwise, defendant City would be at a disadvantage in preparing for trial as compared to other types of parties.
There is no distinction here by virtue of the employees of defendant City having been called as witnesses for plaintiff, as compared to their being called as witnesses by defendant City, because the attorney-client privilege cannot be broken merely by the adverse party’s calling an employee of defendant City as the farmer’s witness at trial. Otherwise, the attorney-client privilege would be of limited value, if it only protected a witness called by his or her attorney from questioning on cross-examination as to privileged material. Therefore, the attorney-client privilege protected the substance of the discussions between the attorneys for defendant City and its employees.
As to the former employee of defendant City, it is of no consequence that plaintiff’s counsel wanted to inquire about discussions between the attorneys for defendant City and the former employee which took place after his employment relationship with defendant City ended. The former employee of defendant City had been a supervisor for the Department of Sanitation at the time of the subject accident. He believed that he had been produced in 1986 by defendant City on its behalf for a deposition by plaintiff because he was at that time a litigation officer for the Department of Sanitation. An attorney for defendant City was at his deposition on behalf of defendant City. His testimony at trial concerned knowledge that he gained in his positions with the Department of Sanitation.
As the former employee was selected by defendant City to be its witness at its deposition, and as he was represented by an attorney for defendant City as the witness of defendant City at the deposition, the attorney-client privilege attached at that time. Once the attorney-client privilege attaches, it "shall remain forever inviolable”. (Kitz v Buckmaster, 45 App Div 283, 285 [1899], Iv denied 47 App Div 633 [4th Dept 1900].) The termination of the employment relationship did not dissolve the attorney-client privilege, which forever protects the client, *61 here defendant City, from disclosure against its will of protected communications between a former employee and defendant City’s attorneys (see, Ortiz v Rivera, 193 AD2d 440 [1st Dept 1993]; Matison v Matison, 95 NYS2d 837, 838 [Sup Ct, NY County], affd without opn 277 App Div 770 [1st Dept 1950]). The discussions between the former employée and the attorneys for defendant City in preparation for trial were privileged because the attorney-client privilege continued until the trial.
Certainly, plaintiffs attorney could ask the witnesses here whether they had met with counsel for defendant City and for how long they had spoken because that in no way delves into any privileged communications. Furthermore, plaintiffs attorney could pose the yes or no question to each witness as to whether each had spoken with attorneys for defendant City about the action (see, People v Glenn, 52 NY2d 880, 881 [1981]). However, plaintiffs attorney could not inquire into the substance of the discussions to the extent that it related to preparation for trial because those communications were protected by the attorney-client privilege. Therefore, the objection was sustained as to any inquiry about the substance of the discussions between the witnesses who were employed by defendant City and the attorneys for defendant City.*

 Equivalent rulings as aforesaid were made on a subsequent motion in limine by the attorney for a defendant driver to preclude plaintiffs counsel from pursuing the same line of inquiry with the driver, who had been called as a plaintiffs witness.