■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENT POWE, Appellant. [651 NYS2d 878] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Douglass, J.), rendered January 5, 1995, convicting him of robbery in the second degree, grand larceny in the fourth degree (two counts), assault in the second degree, and assault in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

A criminal defendant may invoke the right to defend *pro se* if " '(1) the request is unequivocal and timely asserted, (2) there has been a knowing and intelligent waiver of the right to counsel, and (3) the defendant has not engaged in conduct which would prevent the fair and orderly exposition of the issues' " *(People v Smith,* 68 NY2d 737, 738, quoting *People v McIntyre,* 36 NY2d 10, 17; *see also, People v Cruz,* 228 AD2d 610). Upon review of the record in the instant case, we are satisfied that these criteria were met *(see, People v Cruz, supra).* In particular, the Supreme Court's precautionary inquiry and warnings to the defendant regarding the perils of representing himself and the value of legal representation were sufficient to impress upon the defendant the "dangers and disadvantages" of giving up the fundamental right to counsel *(Faretta v California,* 422 US 806, 835; *People v White,* 56 NY2d 110, 117). Accordingly, the court did not commit error in allowing the defendant to proceed *pro se.*

The defendant's remaining contention is unpreserved for appellate review and, in any event, without merit. Goldstein, J. P., Florio, McGinity and Luciano, JJ., concur.