McCarthy, J.
Appeal from a judgment of the County Court of Tompkins County (Rowley, J.), rendered March 23, 2012, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the third degree (two counts) and criminal possession of a weapon in the fourth degree.
Police officers located defendant, who they were seeking to arrest on an active parole violation warrant, as the passenger in a vehicle. When the officers effected a traffic stop, defendant ignored orders to show his hands and get out of the vehicle, so an officer removed him from the vehicle and placed him on the ground. After noticing something in defendant’s mouth, officers ordered him to spit it out. When he failed to comply, at least one officer tased him. Defendant still did not comply, so he was tased again. This time, defendant spit out a plastic bag that contained cocaine. Officers found another bag of cocaine in defendant’s pocket upon conducting a search of his person. During a search of the vehicle, they found a handgun hidden in the trunk.
Defendant was charged in an indictment with criminal possession of a controlled substance in the third degree (two counts) and criminal possession of a weapon in the fourth degree. County Court denied defendant’s pretrial suppression motion without a hearing. Following jury selection, but prior to opening statements, defendant made a request to proceed pro se. County Court granted the request, after conducting an inquiry. At the conclusion of the trial, the jury convicted defendant on all *1062 counts. The court sentenced him to concurrent prison terms of eight years followed by three years of postrelease supervision on the drug counts and one year on the weapon count. Defendant appeals.
County Court properly allowed defendant to proceed pro se. “A defendant in a criminal case may invoke the right to defend pro se provided: (1) the request is unequivocal and timely asserted, (2) there has been a knowing and intelligent waiver of the right to counsel, and (3) the defendant has not engaged in conduct which would prevent the fair and orderly exposition of the issues” (People v McIntyre, 36 NY2d 10, 17 [1974] [italics omitted]). Although requests on the eve of trial are discouraged, the Court of Appeals has found that a request may be considered timely when it is “interposed prior to the prosecution’s opening statement,” as here (People v McIntyre, 36 NY2d at 18; see People v Eady, 301 AD2d 965, 965-966 [2003], lv denied 100 NY2d 538 [2003]).
Defendant unequivocally expressed his desire to represent himself, despite also expressing dissatisfaction with counsel and his opinion that she was being bullied (compare People v Wimberly, 86 AD3d 806, 807 [2011], lv denied 18 NY3d 863 [2011]). County Court conducted a searching inquiry to determine whether defendant was aware of the charges against him, the legal process and the pitfalls of proceeding without an attorney (see People v Providence, 2 NY3d 579, 582 [2004]; People v Arroyo, 98 NY2d 101, 103-104 [2002]). While some of defendant’s answers to the court’s questions were not entirely accurate, he showed a basic understanding of the proceedings and was not shy about asking when he did not understand a concept. Defendant had a limited education and no prior employment, but he had prior experience with the criminal justice system from his 12 prior arrests and seven prior convictions (three for felonies and four for misdemeanors). His counsel informed the court that defendant had been participating in his defense, conducting his own legal research and had drafted many of the motion papers. The court allowed counsel to remain as an assistant to defendant during the trial. Defendant was not disruptive and conducted himself appropriately throughout the proceedings. Under the circumstances, the court did not err by granting defendant’s request to proceed pro se (see People v Providence, 2 NY3d at 582-584).
County Court did err, however, in denying defendant’s request for a suppression hearing regarding the cocaine recovered from defendant’s mouth. Initially, defendant does not contest on appeal the search of the vehicle that produced the handgun, as he *1063 has no standing to challenge that search that was conducted based on consent by the vehicle’s owner. Hence, the court properly denied suppression of the handgun without a hearing. The bag of cocaine located in defendant’s pocket was found during a search incident to a lawful arrest on a parole violation warrant, and defendant did not raise any factual issues concerning that piece of evidence, so the court properly denied suppression of that bag of cocaine without a hearing (see People v Kindred, 60 AD3d 1240, 1241 [2009], lv denied 12 NY3d 926 [2009]).
As for the cocaine recovered from defendant’s mouth after he was tased more than once, defendant raised a question as to whether that evidence was seized from him through the use of excessive force, which requires an analysis “under the Fourth Amendment’s ‘objective reasonableness’ standard” (Graham v Connor, 490 US 386, 388 [1989]; accord People v Smith, 95 AD3d 21, 26 [2012]). Defendant’s affirmation described his version of the arrest and search, and his motion papers asserted that use of a taser constituted excessive force under the circumstances. The People failed to substantively respond to this argument. As the motion papers raised a factual dispute concerning the use of a taser and whether it might be considered excessive force, giving rise to a potentially unreasonable search and seizure that may require suppression of the evidence, a hearing was required (see CPL 710.60 [3]; People v Mendoza, 82 NY2d 415, 426-427 [1993]; compare People v Smith, 95 AD3d at 26, with People v Matherine, 166 AD2d 322, 322-323 [1990], lv denied 76 NY2d 1022 [1990]). We therefore hold this appeal in abeyance pending the completion of a suppression hearing on this issue (see People v Mabeus, 47 AD3d 1073, 1075 [2008]; People v Cole, 187 AD2d 873, 874 [1992]).
Lahtinen, J.P, Spain and Egan Jr., JJ., concur. Ordered that the decision is withheld, and matter remitted to the County Court of Tompkins County for further proceedings not inconsistent with this Court’s decision.