Judgment, Supreme Court, New York County (Carol Berk-man, J), rendered April 23, 2010, convicting defendant, after a jury trial, of assault in the second degree, attempted assault in the second degree, aggravated criminal contempt, criminal contempt in the first degree, intimidating a witness in the third degree, bribing a witness, and tampering with a witness in the *403 third degree, and sentencing him to an aggregate term of 9V3 to 14 years, unanimously reversed, on the law, and the matter remanded for a new trial.
The court deprived defendant of his constitutional rights when, rather than conducting the requisite “dispassionate inquiry,” it summarily denied his repeated requests to proceed pro se (People v Smith, 68 NY2d 737, 738 [1986], cert denied 479 US 953 [1986]).
A criminal defendant’s right to represent himself is a fundamental right guaranteed by both the federal and state constitutions. “[F]orcing a lawyer upon an unwilling defendant is contrary to his basic right to defend himself if he truly wants to do so” (Faretta v California, 422 US 806, 817 [1975]). The only function of the trial court, in assessing a timely request to proceed pro se, is to ensure that the waiver was made intelligently and voluntarily (see People v Schoolfield, 196 AD2d 111, 115 [1st Dept 1994], lv denied 83 NY2d 915 [1994]). This requirement is not satisfied “simply by repeated judicial entreaties that a defendant persevere with the services of assigned counsel, or by judicial observations that a defendant’s interests are probably better served through a lawyer’s representation” (People v Smith, 92 NY2d 516, 521 [1998]).
Defendant’s requests to proceed pro se were denied by the court without any inquiry whatsoever. At the Huntley hearing on February 18, 2010, after requesting a new attorney, defendant stated, “If I can’t get reassignment of counsel, at least let me go pro se, represent myself,” explaining that for over three months counsel had failed to provide him with information about his case. The court, without asking a single question, immediately replied, “I don’t think so.” When defendant asked, “Is it possible if I can go pro se?” the court responded, “Anything is possible, sir, but you clearly don’t want to go pro se. You just want me to assign a new lawyer.”
Defendant then stated, “If I can’t get a reassignment of counsel, I would like to go pro se.” He further explained that he wished to proceed pro se because his attorney “ha[d] no information about [his] case,” and “ha[d]n’t asked [him] nothing about [his] case,” and “[didn’t] know what [was] going on.” The court did not inquire further but merely recited the procedural history of the case and stated, “I presume you have gotten copies of your motions and of the response,” failing to understand “what else [he] want[ed] to know about [his] case.” When defendant reiterated that his attorney “didn’t know [his] side of the story,” the court stated, “Well, apparently you’re willing enough to talk, Mr. Lewis, but all you do in the back is yell, [and it’s] hard to tell a story by yelling.”
*404 During a recess on the third day of trial, defendant again made a request to “go pro se.” The court did not grant the request. Following a recess and apparently referring to the colloquy during the Huntley hearing, the court stated: “[W]e had a very lengthy conversation, Mr. Lewis and I, with regard to his unexplained request for new counsel, and when I said, ‘no,’ he said that if I didn’t give him a new lawyer he would go pro se, which is denied, an unconditional request to go pro se. So we will not deal with it any further and I will not deal with it any further now.”
On February 18th, which was prior to the start of trial, when defendant stated that he wished to “go pro se,” the court’s “only function” was to inquire as to whether defendant was “aware of the disadvantages and risks of waiving his right to counsel” (Schoolfield, 196 AD2d at 115; Smith, 68 NY2d at 739 [trial court violated defendant’s rights when it summarily rejected defendant’s pro se request without determining whether it was knowingly and intelligently made]; People v Youngblood, 225 AD2d 346, 346 [1st Dept 1996] [reversing and remanding for new trial where court, prior to jury selection, summarily denied defendant’s request to proceed pro se on the basis of counsel’s statement that the defendant was not satisfied with counsel’s representation], lv denied 88 NY2d 888 [1996]).
The fact that defendant’s request to proceed pro se had been preceded by an unsuccessful request for new counsel did not render the request equivocal. “A request to proceed pro se is not ipso facto ‘equivocal’ merely because it is made in the alternative” (People v Hayden, 250 AD2d 937, 938 [3d Dept 1998] [emphasis omitted], lv denied 92 NY2d 879 [1998]). The Court of Appeals has recognized that a pro se defendant is frequently motivated by dissatisfaction with trial strategy or a lack of confidence in counsel (People v McIntyre, 36 NY2d 10, 16 [1974]). Here, it was only after the court made it perfectly clear that new counsel would not be appointed that defendant specifically asked to represent himself (see People v Anderson, 41 AD3d 274 [1st Dept 2007], lv denied 9 NY3d 959 [2007]).
Defendant was not hesitant to represent himself, nor were his requests “overshadowed” by numerous requests for new counsel, obstreperous demands or severely disruptive behavior (compare People v Jimenez, 253 AD2d 693 [1st Dept 1998], lv denied 92 NY2d 1033 [1998]). Indeed, even the court characterized his request as “unconditional.” Nonetheless, without asking a single question or stating its reasons, let alone conducting .a “thorough inquiry” as to whether the decision to waive the *405 right to counsel and represent himself was undertaken knowingly and voluntarily, the court denied defendant’s application. This was error of a constitutional magnitude.
People v Gillian (8 NY3d 85 [2006]) does not compel a different result. The defendant in Gillian proceeded to trial with a new attorney, raising no further objection, thus abandoning his request to proceed pro se.
We need not decide whether defendant’s untimely midtrial request required further action by the court (see Matter of Kathleen K. [Steven K.], 17 NY3d 380 [2011]; People v McIntyre, 36 NY2d at 17). The critical error here occurred before the trial commenced.
Since we are ordering a new trial, we find it unnecessary to discuss defendant’s other arguments, except that we find that the verdict was based on legally sufficient evidence and was not against the weight of the evidence. Concur — Acosta, J.P., Andrias, Moskowitz, Richter and Manzanet-Daniels, JJ.
Motion to strike reply brief denied.