THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND CRESPO, Appellant. [40 NYS3d 423]—

Judgment, Supreme Court, New York County (Thomas A. Farber, J.), rendered December 19, 2014, convicting defendant, after a jury trial, of assault in the first degree and criminal possession of a weapon in the third degree, and sentencing him, as a persistent violent felony offender, to concurrent terms of 20 years to life and 3½ to 7 years, respectively, unanimously reversed, on the law, and the matter remanded for a new trial.

Prior to the start of jury selection, defendant's counsel moved to withdraw, telling the trial court that defendant would no longer speak with him. The court denied the motion. During jury selection, defendant told the court that he did not want his lawyer representing him and that he wished to represent himself. The court responded that it was "too late to make that request," but offered to reconsider the issue after jury selection was complete. Defendant reaffirmed that representing himself "is exactly what I want to do." Shortly after, defendant again told the court that he wanted to represent himself, and the judge again denied the request as untimely. The court did not make any inquiry into defendant's request to proceed pro se, even after the trial prosecutor asked the court to do so. Nor did the court revisit the issue after the jury was seated.

On appeal, defendant contends that the trial court violated his right to self-representation when it denied, without inquiry, his requests to proceed pro se. It is well-settled that a criminal defendant has a constitutional right to forgo the advantages of

counsel and represent himself or herself at trial (*People v Arroyo*, 98 NY2d 101, 103 [2002]; *People v McIntyre*, 36 NY2d 10, 15 [1974]). "It is a 'nearly universal conviction . . . that forcing a lawyer upon an unwilling defendant is contrary to his basic right to defend himself if he truly wants to do so' " (*Arroyo*, 98 NY2d at 103, quoting *Faretta v California*, 422 US 806, 817 [1975]).

The right to self-representation, however, is not absolute, and is subject to several restrictions (*McIntyre*, 36 NY2d at 16-17). Thus, "[a] defendant in a criminal case may invoke the right to defend *pro se* provided: (1) the request is unequivocal and timely asserted, (2) there has been a knowing and intelligent waiver of the right to counsel, and (3) the defendant has not engaged in conduct which would prevent the fair and orderly exposition of the issues" (*id.* at 17). When a defendant timely invokes the right to self-representation, "the trial court should conduct a thorough inquiry to determine whether the waiver was made intelligently and voluntarily" (*People v Smith*, 68 NY2d 737, 738 [1986], *cert denied* 479 US 953 [1986]).

Judged by these principles, we conclude that defendant's right to self-representation was violated. Contrary to the trial court's finding, defendant's requests to proceed pro se, made during jury selection, were timely asserted (*see McIntyre*, 36 NY2d at 18 [finding the defendant's motion timely because it was made before the prosecution's opening statement]; *People v Atkinson*, 111 AD3d 1061, 1062 [3d Dept 2013]; *People v Herman*, 78 AD3d 1686, 1686 [4th Dept 2010], *lv denied* 16 NY3d 831 [2011]). We reject the People's argument that the request to proceed pro se must be made before jury selection (*see People v Matsumoto*, 2 Misc 3d 130[A], 2004 NY Slip Op 50094[U] [App Term, 1st Dept, 2d & 11th Jud Dists 2004], *lv denied* 3 NY3d 741 [2004]).

Defendant's requests to represent himself were clear and unequivocal. On multiple occasions during jury selection, defendant unambiguously expressed his desire to proceed pro se, stating that it was "exactly" what he wanted to do. The trial court erred in concluding that the requests were equivocal simply because they were made shortly after the court refused to appoint new counsel. "The fact that [the] defendant's request to proceed pro se had been preceded by an unsuccessful request for new counsel did not render the request equivocal" (*People v Lewis*, 114 AD3d 402, 404 [1st Dept 2014]; *see People v LaValle*, 3 NY3d 88, 107 [2004] ["conditioning a request for new attorneys with a request for self-representation does not necessarily make the latter request equivocal"]). Indeed, a criminal

defendant's desire to proceed pro se is "[f]requently . . . motivated by dissatisfaction with the trial strategy of defense counsel or a lack of confidence in his attorney" (*McIntyre*, 36 NY2d at 16; *see Lewis*, 114 AD3d at 404 [the defendant's right to represent himself was violated where his request to proceed pro se was made after the court made it clear that new counsel would not be appointed]).

There is no merit to the People's argument that defendant forfeited his right to represent himself by engaging in "conduct which would prevent the fair and orderly exposition of the issues" (*McIntyre*, 36 NY2d at 17). Contrary to the People's view, the record does not reflect any disruptive behavior before the trial court denied defendant's repeated requests to proceed pro se. Nor did the court make any explicit findings that defendant would not comply with the court's directives if he were allowed to proceed pro se. In any event, even if the trial court believed defendant's motion was "a disingenuous attempt to subvert the overall purpose of the trial," it was nevertheless required "to conduct a dispassionate inquiry into the pertinent factors" (*id.* at 19). Here, the court summarily rejected defendant's request to represent himself without determining whether it was knowingly or intelligently made (*see Smith*, 68 NY2d at 739). Accordingly, defendant's right to self-representation was violated and a new trial is required (*see Lewis*, 114 AD3d at 404-405 [reversing conviction where court did not ask a single question, let alone conduct a thorough inquiry into the defendant's request to represent himself]). Concur—Renwick, J.P., Richter, Manzanet-Daniels, Feinman and Kapnick, JJ.