Matter of American Tr. Ins. Co. v Lenox Hill Hosp. (NSUH) (2026 NY Slip Op 01052)

Matter of American Tr. Ins. Co. v Lenox Hill Hosp. (NSUH)

2026 NY Slip Op 01052

Decided on February 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
PAUL WOOTEN
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2024-04107
 (Index No. 535871/22)

[*1]In the Matter of American Transit Insurance Company, respondent, 
vLenox Hill Hospital (NSUH), etc., appellant.

Roman Kravchenko, Melville, NY (Jason Tenenbaum of counsel), for appellant.
Short & Bill, P.C., New York, NY (Seok Ho [Richard] Kang of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to vacate a master arbitration award, Lenox Hill Hospital (NSUH) appeals from an order of the Supreme Court, Kings County (Heela D. Capell, J.), dated February 15, 2024. The order, insofar as appealed from, denied those branches of the motion of Lenox Hill Hospital (NSUH) which were to compel the petitioner to comply with an information subpoena, to impose a $50 fine upon the petitioner, and pursuant to 11 NYCRR 65-4.10(j)(4) for an award of additional attorneys' fees, and granted that branch of the petitioner's cross-motion which was pursuant to CPLR 2304 to quash the information subpoena.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of Lenox Hill Hospital (NSUH) which was pursuant to 11 NYCRR 65-4.10(j)(4) for an award of additional attorneys' fees, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the petitioner, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.
In 2022, the petitioner, American Transit Insurance Company (hereinafter American Transit), commenced this proceeding pursuant to CPLR article 75 to vacate a master arbitration award entered in favor of Lenox Hill Hospital (NSUH) (hereinafter Lenox Hill). Lenox Hill cross-petitioned, inter alia, to confirm the master arbitration award. In a judgment dated May 24, 2023, the Supreme Court, among other things, confirmed the master arbitration award and awarded Lenox Hill attorneys' fees in the sum of $500. In August and September 2023, American Transit paid the sums owed to Lenox Hill, except for postjudgment interest in the sum of $192.
Lenox Hill served American Transit with an information subpoena. Thereafter, Lenox Hill moved, inter alia, to compel American Transit to comply with the information subpoena, to impose a $50 fine upon American Transit, and pursuant to 11 NYCRR 65-4.10(j)(4) for an award of additional attorneys' fees. American Transit cross-moved, among other things, pursuant to CPLR 2304 to quash the information subpoena. In an order dated February 15, 2024, the Supreme Court, inter alia, denied those branches of Lenox Hill's motion and granted that branch of American Transit's cross-motion. Lenox Hill appeals.
The Supreme Court did not improvidently exercise its discretion in granting that branch of American Transit's cross-motion which was pursuant to CPLR 2304 to quash the information subpoena. "An application to quash a subpoena should be granted only where the futility of the process to uncover anything legitimate is inevitable or obvious . . . or where the information sought is utterly irrelevant to any proper inquiry" (Matter of Kapon v Koch, 23 NY3d 32, 38 [alterations and internal quotation marks omitted]; see Anheuser-Busch, Inc. v Abrams, 71 NY2d 327, 331-332; 8206 N. Blvd, LLC v Ai Qiu Qu, 232 AD3d 833, 834). Here, American Transit established that the requested information in the information subpoena was irrelevant and that Lenox Hill served the information subpoena to harass American Transit.
However, the Supreme Court should have granted that branch of Lenox Hill's motion which was pursuant to 11 NYCRR 65-4.10(j)(4) for an award of additional attorneys' fees. The general rule is that in proceedings involving arbitration, as in other litigation, attorneys' fees are not recoverable unless provided for by agreement or statute (see Matter of GEICO Ins. Co. v AAAMG Leasing Corp., 148 AD3d 703, 705; Myron Assoc. v Obstfeld, 224 AD2d 504). "Pursuant to Insurance Law § 5106(a), if a valid claim or portion of a claim for no-fault benefits is overdue, the claimant shall also be entitled to recover his [or her] attorney's reasonable fee, for services necessarily performed in connection with securing payment of the overdue claim, subject to limitations promulgated by the superintendent in regulations" (Matter of GEICO Ins. Co. v AAAMG Leasing Corp., 148 AD3d at 705 [internal quotation marks omitted]; see American Tr. Ins. Co. v Comfort Choice Chiropractic, P.C., 239 AD3d 1, 15). As Lenox Hill sought payment of postjudgment interest in the sum of $192 that was overdue, Lenox Hill was entitled to an award of additional attorneys' fees for the services necessarily performed in connection with securing payment of the overdue postjudgment interest. However, Lenox Hill was not entitled to an award of additional attorneys' fees for the remainder of the services performed by its attorneys in connection with preparing and serving the information subpoena and prosecuting this appeal, which were not part of a legitimate attempt to collect payment of an overdue claim or portion of a claim.
Accordingly, the matter must be remitted to the Supreme Court, Kings County, for a determination of the amount of the additional attorneys' fees pursuant to 11 NYCRR 65-4.10(j)(4) to which Lenox Hill is entitled.
Lenox Hill's remaining contentions are without merit.
GENOVESI, J.P., WOOTEN, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court