Doe v Clark (2026 NY Slip Op 50388(U))

[*1]

Doe v Clark

2026 NY Slip Op 50388(U)

Decided on March 16, 2026

Supreme Court, Nassau County

Kapoor, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 16, 2026
Supreme Court, Nassau County

Jane 07 Doe, Plaintiff,

againstThomas L. Clark and GOODYEAR TIRE AND RUBBER COMPANY, Defendants.

Index No. 900047/2023

Fiscella & Associates, P.C., Garden City, NY (James B. Fiscella of counsel), for plaintiff.Littler Mendelson, P.C., Melville, NY (Ellen Storch and Vernee C. Pelage of counsel), for defendant Goodyear Tire and Rubber Company.

Sarika Kapoor, J.

NYSCEF docs. 44 and 47 through 79, including the unredacted versions, were read and considered in deciding these motions.Relief RequestedThe plaintiff moves pursuant to CPLR 2304, 2004, 3120, 3101, and 4503 to quash a subpoena ad testificandum and duces tecum served by the defendants and pursuant to CPLR 3103(a) for a protective order (motion seq. 005).
The plaintiff moves pursuant to CPLR 3101, 3124, and 3126 to compel a further deposition of nonparty Seymour Nathan, to overrule the defendants' objections to certain deposition questions, and to prevent the defendants' counsel from soliciting former employee witnesses as clients (motion seq. 006).
The plaintiff moves pursuant to 22 NYCRR 1200 to disqualify Littler Mendelson, PC from jointly representing the defendants (motion seq. 007).
Background
The plaintiff began working for the defendant Goodyear Tire and Rubber Company ("Goodyear") in March 1989, when she was 16 years old, and she resigned in 1997. According [*2]to the second amended complaint, the plaintiff's supervisor, the defendant Thomas L. Clark ("Clark"), engaged in unwanted sexual acts with her during her employment. The plaintiff alleges that Goodyear "acquiesced and condoned the sexual harassment of the plaintiff" by Clark. On November 21, 2023, the plaintiff commenced this action pursuant to the Child Victims Act and the Adults Survivors Act to recover damages for injuries allegedly sustained during her tenure at Goodyear. On February 20, 2025, the defendants served an answer in which they denied the material allegations of the second amended complaint and asserted 18 affirmative defenses.
The defendants served a subpoena ad testificandum and duces tecum dated August 21, 2025 upon the plaintiff's counsel. The subpoena seeks to compel the plaintiff's counsel to testify in a deposition and produce, inter alia, nonprivileged documents, communications, and electronically stored information regarding the plaintiff's mental, emotional, or medical condition.
Motion Sequence 005
The plaintiff moves pursuant to CPLR 2304, 2004, 3120, 3101, and 4503 to quash a subpoena ad testificandum and duces tecum served by the defendant and pursuant to CPLR 3103(a) for a protective order. In an affirmation in support, counsel for the plaintiff argues, inter alia, that the subject subpoena seeks privileged and protected materials, is overly broad, is designed to harass the plaintiff's counsel, and interferes with the plaintiff's representation. Specifically, counsel contends that the subpoena seeks information protected by attorney-client privilege and the work-product doctrine.
In a memorandum of law in opposition, counsel for the defendants argues that the subject subpoena seeks exclusively nonprivileged information "that could relate to manifestations of distress or alternate sources thereof" for the plaintiff. Counsel argues that the information sought in the subpoena relates to the plaintiff's emotional state which is at issue in the instant action. Counsel also contends that the plaintiff has not produced evidence of when representation by Mr. Fiscella began, and therefore, has failed to meet the burden of showing what documents are protected by attorney-client privilege. Counsel notes that they are not trying to disqualify Mr. Fiscella as the plaintiff's attorney of record.
In an affirmation in reply, counsel for the plaintiff argues that "mental state or stressors decades after the alleged incidents lack a direct connection to whether [the d]efendants committed the alleged acts" or the plaintiff's causes of actions. Counsel further argues that the defendants have not met the burden of proving the information sought in the subpoena is not available elsewhere. Counsel also emphasizes that the subpoena seeks to compromise his ability to effectively represent the plaintiff.
"Pursuant to CPLR 3101(a)(4), a party may obtain discovery from a nonparty in possession of material and necessary evidence, so long as the nonparty is apprised of the circumstances or reasons requiring disclosure. A party or nonparty moving to quash a subpoena has the initial burden of establishing either that the requested disclosure is utterly irrelevant to the action or that the futility of the process to uncover anything legitimate is inevitable or obvious. If the movant meets this burden, the subpoenaing party must then establish that the discovery sought is material and necessary to the prosecution or defense of the action" (Castellano v Estrada, 241 AD3d 493, 494 [2d Dept 2025] [citations and internal quotation [*3]marks omitted]).
The plaintiff satisfied the initial burden, demonstrating that the discovery sought in the underlying subpoena is utterly irrelevant to her claims and is designed to harass the plaintiff's counsel (see generally Matter of American Tr. Ins. Co. v Lenox Hill Hosp. (NSUH),AD3d , ; 2026 NY Slip Op 01052 [2d Dept 2026]). In opposition, the defendants failed to establish that the requested disclosure is material and necessary to their defense of the action. Notably, in the unusual situation where a party seeks to depose opposing counsel, "the party seeking the deposition must show that the deposition is necessary because the information is not available from another source" (Liberty Petroleum Realty, LLC v Gulf Oil, L.P., 164 AD3d 401, 406 [1st Dept 2018]). The defendants did not establish that the information sought in the deposition of the plaintiff's counsel cannot be obtained elsewhere (see generally Schorr v Schorr, 13 AD3d 490, 491 [1st Dept 2014]).
In the supporting papers, the plaintiff makes no argument and cites no legal authority in support of issuing a protective order pursuant to CPLR 3103(a). As such, the plaintiff has not established her entitlement to the relief sought (see Liberty Petroleum Realty, LLC v Gulf Oil, L.P., 164 AD3d at 403-404).
Motion Sequence 006
The plaintiff moves pursuant to CPLR 3101, 3124, and 3126 to compel a further deposition of nonparty Seymour Nathan ("Nathan"), to overrule the defendants' objections to certain deposition questions, and to prevent the defendants' counsel from soliciting former employee witnesses as clients. In an affirmation in support, counsel for the plaintiff submits that a further deposition of Nathan is necessary to the plaintiff's claims, including assault, battery, negligent supervision, sexual harassment, and intentional infliction of emotional distress. Counsel contends that the defense counsel obstructed the initial deposition of Nathan by asserting attorney-client privilege and instructing Nathan to not answer certain questions. Counsel argues that the privilege objection is "baseless" because Nathan testified he is not and was never represented by the defense counsel. Counsel further argues that by initiating conversations with Nathan, the defendants' counsel violated Rule 7.3 of the Rules of Professional Conduct. Counsel also notes that, initially, the defendants' counsel asserted that Nathan was her client, but retracted the assertion ahead of his deposition.
In opposition, counsel for the defendants argues that the plaintiff did not follow the proper procedure for compelling a further deposition, i.e., identifying specific questions that require an answer or seeking a ruling on objections during the deposition. Counsel further argues that "confidential communications between attorneys for an employer and former employees are protected by attorney-client privilege." Counsel submits that the plaintiff did not demonstrate a need for the purported privileged communications or a legitimate reason as to why a further deposition of Nathan is necessary.
In reply, counsel for the plaintiff reaffirms the arguments in the affirmation in support. Specifically, counsel contends that the pre-deposition conversations between Nathan and the defendants' counsel are not protected by attorney-client privilege. Counsel further argues, inter alia, that the plaintiff is not required to provide the Court with an exhaustive list of hypothetical questions that would have been asked absent the defendants' counsel instructing Nathan to not answer questions regarding their pre-deposition conversations.
"The proper procedure to be followed in order to compel a further deposition of a witness is to indicate to the court precisely which questions were not answered, that the witness's refusal to answer was improper, and that a further deposition is the appropriate remedy. This can be done by way of formal motion after the deposition, or perhaps preferably, by an informal application for a ruling during the course of the deposition. It is only after specific questions have been identified that a reviewing court will be able to determine whether the questions invades a privilege so as to be palpably improper" (American Reliance Ins. Co. v National Gen. Ins. Co., 174 AD2d 591, 593 [2d Dept 1991] [citations and internal quotation marks omitted]).
Here, contrary to the defendants' contention, the plaintiff properly identified questions that were not answered during Nathan's deposition (see NYSCEF doc. 60 ¶ 11; see also Exhibit E).
Defense counsel argues that it is "hornbook law" that attorney-client privilege applies to conversations between attorneys for an employer and that employer's former employees. Defense counsel, however, has not cited any New York appellate court case in support of this contention, and the two New York trial court cases cited in support of this contention are easily distinguishable. In Radovic v City of New York, the former employee was chosen by the defendant City of New York as the City's witness at a deposition, and the former employee was represented by the City's counsel at that deposition (168 Misc 2d 58, 60 [Sup Ct, NY County 1996]). The court in Radovic determined that the conversations between the City's counsel and the City's witness were protected by attorney-client privilege, and the privilege "continued until trial" and did not terminate upon the witness's separation from employment (id. at 61). In Harris v Charlie Rose, Inc., the court merely stated that communication between a corporation's attorney and a corporation's employees for the purpose of obtaining legal advice or facilitating the rendition of legal advice or service is protected by the attorney-client privilege, and that privilege is not extinguished upon separation from employment (2021 NY Slip Op 31146[U] [Sup Ct, NY County 2021]). Defense counsel cites one federal case in support this contention, Export-Import Bank of the United States v Asia Pulp & Paper Co., Ltd. (232 F.R.D. 103 [SD NY 2005]). In this federal case, the court stated that discussions between company counsel and former company employees are privileged when the discussions concern information obtained during the course of employment (see id. at 112). In the very next sentence, however, the court went on to state that the attorney-client privilege does "not protect pre-deposition conversations that are held to refresh a deponent's memory" (id.; see Corcoran v HCA-HealthONE LLC, 2022 US Dist LEXIS 91486, 2022 WL 1605296 [D. Colo. May 20, 2022]).
Accordingly, defense counsel's instruction to Nathan not to answer the identified questions was improper (see Rossi v Blue Cross & Blue Shield, 73 NY2d 588, 593 [1989]; see also People v Wiesner, 129 AD2d 753 [2d Dept 1987]; see also Exhibit E). Thus, Nathan is required to answer the identified questions pursuant to 22 NYCRR 221.2. However, a further deposition of Nathan shall be limited to questions regarding the pre-deposition conversations between Nathan and the defendants' counsel. Counsel for the plaintiff had the opportunity to question Nathan about the plaintiff's claims and no new evidence has been uncovered to warrant further questioning relating to those claims (see Lewis v City of New York, 206 AD3d 896 [2d Dept 2022]; see also Karanikolas v Elias Taverna, LLC, 128 AD3d 905 [2d Dept 2015]).
As to the remaining relief sought, the defendants' counsel did not violate Rule 7.3 of the Rules of Professional Conduct. "'Solicitation' or 'solicit' denotes a communication initiated by or on behalf of a lawyer or law firm that is directed to a specific person the lawyer knows or [*4]reasonably should know needs legal services in a particular manner and that offers to provide, or reasonably can be understood as offering to provide, legal services for that manner" (22 NYRCRR 1200.7). In the initial deposition, Nathan testified that the defendants' counsel did not indicate that they would be representing his interest in their pre-deposition conversations (see Exhibit E).
Motion Sequence 007
The plaintiff moves pursuant to 22 NYCRR 1200 to disqualify Littler Mendelson, PC from jointly representing the defendants. Since the plaintiff is neither a former nor present client of Littler Mendelson, PC, she does not have standing to seek its disqualification from dual representation of the defendants (see Singh v Friedson, 10 AD3d 721, 722 [2d Dept 2004]; see also Hall Dickler Kent Goldstein & Wood, LLP v McCormick, 36 AD3d 758, 759-760 [2d Dept 2007]). Additionally, on December 23, 2025 and December 26, 2025, Forchelli Deegan Terrana LLP filed notices of appearance on behalf of Clark (see NYSCEF docs.78, 79). Thus, this motion should be denied.
Conclusion
Based on the foregoing, it is hereby
ORDERED, that the branch of the plaintiff's motion which is pursuant to CPLR 2304, 2004, 3120, 3101, and 4503 to quash a subpoena ad testificandum and duces tecum served by the defendants is GRANTED(motion seq. 005); and it is further,
ORDERED, and the branch of the plaintiff's motion which is pursuant to CPLR 3103(a) for a protective order is DENIED(motion seq. 005); and it is further,
ORDERED, that the branch of the plaintiff's motion which is pursuant to CPLR 3101, 3124, and 3126 to compel a further deposition of nonparty Seymour Nathan and to overrule the defendants' objections to certain deposition questions is GRANTED to the extent that the further deposition shall be limited to questions regarding the pre-deposition conversations between Seymour Nathan and the defendants' counsel(motion seq. 006); and it is further,
ORDERED, that the branch of the plaintiff's motion which is to prevent the defendants' counsel from soliciting former employee witnesses as clients is DENIED (motion seq. 006); and it is further,
ORDERED, that the plaintiff's motion pursuant to 22 NYCRR 1200 to disqualify Littler Mendelson, PC from jointly representing the defendants is DENIED (motion seq. 007).
The parties' remaining contentions have been considered and do not warrant discussion.
Any applications not specifically addressed are DENIED. This shall constitute the decision and order of this Court.
Dated: March 16, 2026Mineola, New YorkE N T E R:HON. SARIKA KAPOOR, A.J.S.C.